ABRAHAM BURTON, plaintiff in error, vs. SAMUEL W. WYNNE, defendant in error.

1. Process of garnishment will not be dismissed because plaintiff's attorney signed the bond as security, such attorney not being employed in the garnishment case, but having acted as such only in the original common law suit.

2. Section 3268 of our Code is directory only, and construing it in connection with section 4, paragraph 6, the fact that an attorney in the garnishment signed the bond as security would not make the proceeding void, it not being so expressly provided by the enactment in section 3268.

3. The debtor by promissory note may be garnished, and if served with the summons before he has paid the note, he will pay it at his peril, nor is he protected in paying to a third party who acquires title after the service of the summons, if the note be overdue. Such holder takes the overdue note subject to all the equities between the original parties, and among these equities is the right which a vigilant creditor acquires by his attaching the note by serving the summons of garnishment on the maker : *38 Georgia Reports, 17.*

4. The issue in such a case is, to whom did the note belong when the summons of garnishment was served? and to illustrate that issue, a letter to his

agent to purchase the note by the holder, is admissible to show when he got title, as well as the *bona fides* of his purchase. The garnishee's whole defense rests upon the holder's title to whom he paid the note, and therefore his acts and letters are admissible against the garnishee.

Garnishment. Bond. Attorney and client. Promissory notes. Evidence. Before Judge POTTLE. Wilkes Superior Court. November Term, 1875.

Reported in the opinion.

F. H. COLLEY; S. H. HARDEMAN, for plaintiff in error.

W. M. & M. P. REESE, for defendant.

JACKSON, Judge.

Wynne brought suit against Dunn, and had process of garnishment issued against Burton. Burton answered that he owed nothing. Wynne traversed the answer and showed that Burton had owed Dunn on a promissory note, payable one day after date, and made some time before. Burton replied that he had paid the note to Mattox who got it from Dunn, and claimed that he was thereby protected. The court charged the jury that the whole question turned on whether Mattox purchased the note before or after Burton was served with the summons, or in other words, whether when served he owed Mattox or Dunn. The jury found against the garnishee and in favor of Wynne, that Mattox's title to the note was after the garnishment. Burton, the garnishee, brings the case here for review, and assigns as error, first, that the garnishment should have been dismissed because the bond of Wynne was signed by his attorneys as securities thereon, and secondly, because the charge of court, putting the case upon the issue of whether the title acquired by Mattox was older than the summons of garnishment, was illegal; and thirdly, because a letter of Mattox tending to show *when* he acquired title to the note, written to his agents in regard to it, was admitted in evidence.

1, 2. We think that the garnishment should not have been

Burton *vs.* Wynne.

dismissed. It was in proof, and not contradicted, that one of the sureties was not of counsel in the garnishment, though he had been in the original common law suit. But independently of this fact, we hold that section 3268 of the Code is directory merely. It does not declare that the process shall be void and the garnishment be dismissed if the attorney sign as security; and paragraph 6 of section 4 of the Code enacts distinctly and clearly that "a substantial compliance with any requisition of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." Construing the two sections together, we think it would have been improper to dismiss the attachment or garnishment. Besides, the bond could have been amended, and the result shows that no harm was done.

3. In respect to the charge of the court we think it too late to question its correctness in this court. The judgment and ruling in 38 *Georgia Reports,* 17, covers this case; and the principle there virtually decided, that a garnishee is not protected if he pays to the purchaser of an overdue note, but is protected if he pays to a purchaser of a note not due after he is served with the summons, seems to us sound. The assignee of the note after due, takes it with his eyes open, with notice that something is wrong about the note, and all equities may be invoked against him that could have been invoked against the original payee. Among these equities is that of a vigilant plaintiff in garnishment who attaches the note by summons of garnishment before it is traded; and the debtor who pays it after the summons is served, pays with his eyes open and at his peril.

4. As the garnishee here can protect himself only upon the title at the time of summons of the holder of the note, to whom he paid after the service and notice to him, the conduct of the holder, including letters from him about the note, is admissible against the garnishee.

Judgment affirmed.