Jefferson vs. Bowers.

RICHARD G. JEFFERSON, plaintiff in error, vs. LLOYD G. BOWERS, guardian, defendant in error.

1. The guardian of a deceased lunatic is vested with all the powers of administrators on estates, and shall be controlled by the laws in force in this State in relation to administrators.
2. In a proceeding to establish a copy note signed jointly and severally by two or more makers, it is necessary that all of said makers or their legal representatives, if any of them are dead, should be made parties if practicable.

Motion for a rule absolute to establish a lost note, in Muscogee Superior Court. Decided by Judge WORRILL, at May Term, 1862.

Lloyd G. Bowers, as guardian of Harvey W. Nance, a lunatic, by petition properly verified, obtained a rule *nisi*, in Muscogee Superior Court, against Richard G. Jefferson, calling on him to show cause why the following note should not be established in lieu of the original, which had been lost:

$1,420 00.          COLUMBUS, GA., Feb'y 1st, 1854.

Six years after date, we, or either of us, promise to pay Harvey W. Nance, or bearer, $1,420, value received; as witness our hands and seals.

                    RICHARD G. JEFFERSON. [L.S.]
                    JAMES E. JEFFERSON.     [L.S.]

Jefferson showed for cause why the rule should not be made absolute, the facts, that Nance, the lunatic for whom the guardian was appointed, was dead, and that his co-maker, James E. Jefferson, was also dead, and his estate unrepresented.

These objections were overruled by the Court, and an order passed making the rule absolute, and Jefferson excepts to this decision.

INGRAM, for plaintiff in error.

PATTERSON, *contra*.

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

By the Act of 11th December, 1858, (see pamphlet 57,) it is provided, that "whenever any ward or wards shall departthis life, leaving assets of any kind, the guardian or guardians of said ward or wards are hereby vested with all the powers of administrators on estates, and shall be controlled by the laws in force in this State in relation to administrators."

Whatever doubts may have existed, as it respects the applicability of this Act to the guardians of lunatics, section 1804 of the Code, page 358, settles the matter. It declares that guardians of lunatics shall take the same oath, and give a like bond, with guardians of minors; and their powers, duties, and liabilities, shall be the same, and be exercised under the same rules and regulations.

As to the second point, we consider it controlled by the case of Bond vs. Whitfield's administrator, (28th Georgia Reports, 537,) and several subsequent decisions of this Court. If a party seeks to establish a copy of a lost paper, to be substituted in lieu of the original, it must be, what it purports to be, a copy of the entire paper. This is the rule in equity, and our statute allowing a common law remedy makes no relaxation. It is the fault or the misfortune of the movant that the original is lost, and for which the other party is not to suffer. In this case, if both the makers of the note were made parties to the proceeding, or the legal representative of the one that is dead, when the money is collected out of the survivor, he would be entitled to go upon the estate of the other for contribution; and the paper so established would be important, as constituting the foundation of his claim. In fact, it is paradoxical to call that a copy which, confessedly, is not a copy.

The holder of the note is not remediless. He need not administer on the estate of the dead and insolvent maker. He may sue the survivor on a copy, or at common law, and prove the loss of the original, and that the paper sued on is a copy on the trial. But whenever he seeks to establish a

copy to be used as the original, and having all the incidents attaching to it as such, all the parties to the paper must be made parties to the proceeding.

Let the judgment be reversed.