# Dudley *v.* Falkner.

### *Garnishment on Judgment.*

*Garnishment against executor, as debtor of himself.* — A garnishment on a judgment may be sued out against an executor in his official capacity, although the judgment is against himself personally.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

W. S. THORINGTON, for appellant. — In contemplation of

---

[Dudley v. Falkner.]

law, Jefferson Falkner as an individual, and Jefferson Falkner as executor of W. B. S. Gilmer, are entirely different persons; and this court has frequently recognized the distinction. *Tillinghast* v. *Johnson*, 5 Ala. 514; *Carter* v. *Ingraham*, 43 Ala. 78. If the garnishee had been compelled to answer, it might have appeared that his testator's estate was indebted to him for services rendered, or would be indebted to him on final settlement; and the plaintiff should have had judgment against him, in that event, to be levied of the goods and chattels of his testator, in his hands to be administered. That the proceeding by garnishment may be maintained in such a case as this, see Drake on Attachment, 452, 543; *Grayson* v. *Veecher*, 12 Martin's La. 688; *Graighle* v. *Notnagel*, 1 Peters's C. C. 245.

WATTS & TROY, *contra.* It is a well settled rule, that if an executor is indebted to the estate he represents, the law presumes that he pays himself at once; and even if he be insolvent, he can be charged, on final settlement, with the amount of his own indebtedness, and the sureties on his official bond are liable for the debt. *Childress* v. *Childress*, 3 Ala. 752; *Chandler* v. *Shehan*, 7 Ala. 251; *King* v. *Shackleford*, 6 Ala. 423; *Edmunds* v. *Crenshaw*, 14 Peters, 166; *King* v. *Shackleford*, 13 Ala. 435; *Purdom* v. *Tipton*, 7 Ala. 914. When the obligation to pay and the right to demand payment coexist in the same person, even for a moment, the law presumes that the debt is paid. *Whitworth* v. *Oliver*, 37 Ala. 293, and particularly the fifth paragraph of the opinion on page 293, and the authorities there cited. The question is narrowed down to this: Could Falkner be garnisheed to answer what he owed to himself?

PETERS, J. — At the October Term, 1870, of the City Court of Montgomery, Charles K. Dudley, as plaintiff, recovered judgment against Jefferson Falkner, in said City Court, for the sum of $987.50, besides the further sum of $10.50 for costs of suit. On this judgment the said Dudley sued out process of garnishment in said City Court against Jefferson Falkner and Benajah S. Bibb, as the executors of the will of Wm. B. S. Gilmer, deceased, on the 23d day of January, 1872, which was made returnable into said City Court as required by law. The summons, or process of garnishment, was regularly executed on said Bibb and said Falkner, on the said 23d day of January, 1872. On the return of this process into court, Bibb appeared and answered the same. In this answer he says he "makes his answer of no indebtedness to the defendant, and that he is not such executor now, and was not at the time

of the service of the writ of garnishment." On this answe Bibb was discharged, and allowed his costs.

At the same term of the said City Court, said Jefferson Falkner also appeared, and " suggested to the court that Jefferson Falkner, the defendant in execution, is the same Jefferson Falkner who is garnisheed in this cause as executor of the last will and testament of said Wm. B. S. Gilmer, deceased." This suggestion being admitted by the plaintiff, said Dudley, " the said garnishee," said Falkner, " thereupon moved the court to discharge him on the ground mentioned in said suggestion." Whereupon the court below granted Falkner's motion, and rendered a judgment discharging him, and taxed the plaintiff in the garnishment with the costs. To this Dudley, the plaintiff in the garnishment, excepted, and made his exception a part of the record by bill of exception. From this judgment Dudley appeals to this court, and assigns the discharge of Falkner, without answer, as error.

The proceeding by garnishment is statutory in this State. And the main question in this case is this : Was Falkner, as the executor of the will of Gilmer, deceased, exempted from its operation ? Garnishments may be issued in favor of any judgment creditor, against any person supposed to be indebted to the defendant, on the terms prescribed by the statute. Rev. Code, § 2892. The proceedings on a garnishment so sued out are required to be conducted as follows : " Such person is called the garnishee, and must be cited by the officer to appear at the return term of the writ, and answer upon oath whether he was indebted to the defendant at the time of the levy of the attachment, or at the time of making his answer, and whether he will not be indebted in future to him by contract then existing ; and whether he has not in his possession, or under his control, personal or real property, or things in action, belonging to the defendant ; a copy of .which citation he must return executed, together with the attachment and levy." Rev. Code, § 2944. This section of the Code is applicable to this case. Rev. Code, §§ 2892, 2894. Only the citation here is a summons, and is served and made returnable as an independent proceeding. Rev. Code, §§ 2892, 2894, *supra*. And " the garnishee must answer upon oath, according to the terms of the citation, within the first three days of the return term of the attachment " (or summons), " and may, if required by the plaintiff, be examined orally in the presence of the court." Rev. Code, §§ 2894, 2968. And the statute further directs, that " If the garnishee fail to appear and answer, a conditional judgment must be rendered against him for the amount of the plaintiff's claim, as ascertained by his judgment, to be made absolute if he does not appear within

[Dudley *v.* Falkner.]

the first three days of the next term and answer," upon proper notice of such conditional judgment. Rev. Code, § 2973.

The description of the person to be cited as the garnishee does not exempt any one against whom a judgment may be rendered. An executor may be sued, and a judgment may be rendered against him as such. 1 Chit. Pl. 19, 20, 22. Then Jefferson Falkner, as the executor of the last will and testament of Wm. B. S. Gilmer, deceased, may be sued. It is true that, in such a suit, as a general rule, the executor does not represent a personal interest, but only the interest of the deceased, or the estate, and the judgment is not against the executor personally. But, as executor, one may acquire rights against the estate of the deceased, which may ultimate in a legal liability or claim in his favor against the estate, which is subject to be discharged by a payment or a retainer in money. The statute creating this right declares, that " executors and administrators may be allowed such commissions on all receipts and disbursements by them, as such, as may appear to the Probate Court a fair compensation for their trouble, risk, and responsibility, not to exceed two and one half per cent. on the receipts, and the same percentage on the disbursements ; and the court may also allow actual expenses, and for special or extraordinary services, such compensation as is just." Rev. Code, § 2161. The executor is also entitled to the same commissions on the appraised value of all personal property, moneys, and solvent notes distributed by him. Rev. Code, § 2162. The compensation to which the executor or administrator may thus become entitled may amount to a very considerable sum of money. To say that this shall be protected against seizure by garnishment is, in effect, allowing the executor or administrator to profit by his own wrong. Certainly this right to compensation is a claim which would survive to the executor's representative, if it is not paid during his life. It is property in the nature of a thing in action, or money due upon account. And in this form of action it is no sufficient objection to say that the defendant in the judgment cannot be called to answer what he owes himself in his representative capacity ; that is, what the estate he represents owes him for compensation for his services.

In the case of *Grayson* v. *Veeche* (12 La. 688) the Supreme Court of Louisiana has decided, under a statute similar to ours, that a party may attach the amount of a judgment against himself. This decision is supported by the English and American authorities. 1 Rolle's Abridg. 554; *Graighle* v. *Notnagel*, 1 Peters C. C. R. 245. It establishes the principle that a plaintiff in garnishment may attach funds in his own hands to pay a debt due to him from the person whom he

owes.   In the case at bar, the plaintiff in garnishment seeks to attach funds due from an estate to the representative of such estate, who is the debtor of the plaintiff in the garnishment. There could be no doubt that this proceeding would lie, if the representative were a person different from the garnishee.   In the latter case, the funds would be personal property of the garnishee, under the control of the representative, which should be paid out of the assets of the estate.   If the claim sought to be seized by the garnishment were a debt due by the testator to the defendant, then it comes within the express words of the statute.   The statute declares that " executors and administrators may be garnisheed for a debt due by the testator or intestate to the defendant." Rev. Code, § 2947. If it should happen in such a case that the executor and the defendant, as in this case, were the same person, then the statute would be abortive, even in the very face of its purpose and its words. This would turn the law itself into a cloak for wrong-doing. This is not in accordance with any of the purposes of the statute.   Falkner as an individual, and Falkner as the executor of the will of Gilmer, are not, in contemplation of law, the same person ; and a judgment against the one does not bind the other, and such judgments are not to be satisfied out of the same funds.   The one is to be satisfied out of the estate of the individual, and the other is to be satisfied out of the assets of the deceased testator, in the hands of the executor, to be administered.   The latter judgment is the one to be rendered in this suit, in the event that Falkner as executor should be found, upon his answer or oral examination " in the presence of the court," to have funds or claims payable in money under his control which belonged to Falkner as an individual.   There would be no inconsistency in such a judgment if the answer or examination should justify it.   I am therefore of opinion that the court below erred in dismissing the garnishment on the grounds alleged in Falkner's suggestion.   On the proper service and return of the citation, he should have been required to appear in court and answer the citation in his representative character, and to have submitted to the oral examination allowed by law, if required by the plaintiff to do so.   Rev. Code, §§ 2892, 2894, 2944, 2968; 29 Ala. 454; 18 Ala. 80; 5 Ala. 583.

The judgment of court below is reversed and the cause remanded, with directions to the City Court to proceed in the further progress of the case in conformity with the principles laid down in this opinion ; and the appellee will pay the costs of this appeal.

NOTE BY REPORTER.—On a subsequent day of the term,

[Chappell v. Doe.]

in response to an application for a rehearing, the following opinion was delivered : —

PETERS, J. — The application for rehearing in this case is denied, with costs. It simply proposes a review of the argument on the point on which the reversal was resisted in the first instance. I think this is already sufficiently answered, and from this answer the court is not willing to recede. There will be no serious difficulty if the answer of Falkner as executor of Gilmer, deceased, justifies it in rendering the proper judgment against him as such executor, in favor of Dudley, or discharging him as garnishee. This is all that need be done, in the manner that the statute requires.