BRUMBY v. RICKOFF.

94 429
94 673

94 429
128 790

1. According to the act of October 25th, 1889, which declares that all affidavits that are the foundation of legal proceedings shall be amendable to the same extent as ordinary declarations, an affidavit to obtain an attachment, and alleging the ground of attachment to be that the debtor is "about to remove without the limits of the State," is amendable by adding to these terms the words "and county," so as to make it read, "without the limits of the State and county." When so amended on oath, whether the amendment be sworn to orally or in writing, the affidavit should be construed as expressing what was originally intended by the affiant, and thus construed is sufficient. There was consequently no error in overruling the certiorari as to points made touching the affidavit.

2. The ground of the attachment having been duly traversed as provided for in section 3312 of the code, the defendant was entitled to introduce evidence to sustain his traverse, and the presiding justice erred in holding that it was too late to do this after the defendant had replevied the property attached. With respect to this element of the case, the superior court erred in not sustaining the certiorari.                                    Judgment reversed.

March 26, 1894. Argued at the last term.

Certiorari. Before Judge HENRY. Floyd superior court. March term, 1893.

Attachment was sued out on the ground that the defendant was "about to remove without the limits of the State." Levy was made, and the defendant replevied the property. He also filed a traverse, alleging that he was not about to remove without the limits of the county. At the trial he moved to dismiss the attachment, for the reason that the ground therefor was not one of those laid down in the code. The motion was

overruled, and the plaintiff was allowed to amend by adding the words "and county" after the word "State." The plaintiff proved that the defendant owed him the amount for which the attachment was sued out, but made no proof of the fact stated as the ground of attachment; whereupon defendant moved to dismiss the the case as by nonsuit. The motion was overruled, and the court also refused to allow defendant to introduce evidence to sustain the traverse, holding that the ground of attachment could not be traversed after the property attached had been replevied. Judgment for the plaintiff was rendered; and by *certiorari* defendant assigned each of the foregoing rulings as error. The *certiorari* was overruled, and defendant excepted.

W. S. ROWELL, by R. T. FOUCHÉ, for plaintiff in error. G. A. H. HARRIS, *contra*.