MOORE *et al. v.* PEACOCK, administrator.

94 523<br>f121 470

All rents and profits arising out of homestead lands, except those consumed whilst the homestead estate is on foot, belong to the owner of the realty out of which the homestead was carved. After minor beneficiaries have arrived at majority, they cannot maintain an action against one who wrongfully excluded them from the possession during their minority and took the rents and profits for his own use. Their right as beneficiaries having become extinct by lapse of time, they have no claim as beneficiaries, and consequently no title, legal or equitable, on which they can recover.          *Judgment affirmed.*

April 23, 1894. Argued at the last term.

Complaint. Before Judge SMITH. Dodge superior court. March term, 1893.

On August 3, 1891, the children of Elizabeth Jane Moore and B. T. Moore filed their petition against Peacock as administrator of Rozar, alleging an indebtedness

of $1,400. On demurrer for want of a cause of action, the petition was dismissed. It shows that on July 21, 1875, lot of land 123 in the 19th district of Dodge county was set apart as a homestead to Elizabeth Jane Moore, now deceased, who was then living in a state of separation from her husband, and plaintiffs being then minors. They have reached their majority within the last four years. They were the beneficiaries of the homestead, and were entitled to the enjoyment of the same, and the profits, possession, use and occupation thereof, but were wrongfully deprived thereof by Rozar during his lifetime and during the fourteen years 1876–1889, he receiving the profits of the land for said time of the value of $100 per year, which his administrator, the defendant, refuses to pay.

DeLacy & Bishop, for plaintiffs.

E. A. Smith, for defendant.