BROWN *v.* WILEY, ordinary, for use, etc.

1. One whose debtor is the administrator of the estate of a deceased person, in which such debtor is interested as a distributee, may, when the debtor is insolvent, reach his share in the estate by a process of garnishment duly sued out.   In such a case the debtor as an individual and the same person as administrator are to be treated as different and distinct persons.
2. A judgment rendered in favor of a creditor of a distributee, on such a garnishment proceeding, is conclusive upon the administrator when it appears that he filed an answer denying indebtedness, and, on a traverse thereto, the issue was found against him.    Such a judgment is prima facie valid and binding upon the sureties on the administrator's bond, and in the trial of an action thereon brought by the plaintiff in such judgment the burden is on them to prove the contrary.
3. Applying the above rules to the facts of the present case,. the judgment rendered by the court, without the intervention of a jury, was right, and there was no error in refusing to set it aside.

Argued February 14,— Decided March 18, 1899

Action on bond.    Before Judge Ross.    City court of Macon. April 27, 1898.

*Dessau, Bartlett & Ellis*, for plaintiff in error.

*S. A. Reid*, contra.

SIMMONS, C. J.    Nathans & Stalker obtained a judgment against G. I. Johns.    Execution was issued, and a return of nulla bona made thereon.    G. I. Johns was made administrator of the estate of Warren Johns.    Nathans & Stalker sued out, in due form under the code, a garnishment and had it served upon G. I. Johns as administrator of the estate of Warren Johns.    He as administrator answered the summons of garnishment, denying indebtedness and denying that he as administrator had any property or effects belonging to him as an individual.    This answer was traversed by the plaintiffs in garnishment, and on the trial of the case the jury returned a verdict that G. I. Johns as administrator had money and effects in his hands, belonging to him as an individual, in a certain

amount. The administrator moved for a new trial in that case. This motion was denied by the court, and there the matter rested. Afterwards a suit was brought upon the bond of the administrator against him and his sureties, for the purpose of recovering from them an amount sufficient to pay the recovery in the garnishment proceedings. To this suit the sureties pleaded that Johns as administrator was not indebted to himself as an individual in any amount, and that the administrator had in his hands no money, property, or effects that came within the operation of the process of garnishment. On the trial of the suit on the bond, the plaintiffs introduced the judgment and execution against Johns individually, the proceedings in the garnishment case, and the judgment on the traverse to the answer of the administrator. Various objections were made to the introduction of these papers, but the motion for a new trial, made by one of the defendants when the case had been adjudicated in favor of the plaintiffs, did not state the grounds of these objections nor when they were made, and they can not be considered.

1. We are called upon to decide whether an administrator who has in his hands money belonging to the estate of the decedent and who individually is entitled to a part of that money as a creditor, heir at law, or legatee of the decedent, can be garnished. It was claimed in the garnishment proceedings that Johns was an heir at law of the decedent and as such heir at law was entitled to a distributive share of the estate. The jury so found upon the trial of the traverse of his answer to the summons of garnishment. It is certainly true that, without the aid of a statute, an administrator or executor can not be garnished for funds which he holds as such administrator or executor. The reason is that he is an officer of the court and as such must account to the court for all funds in his hands, and it would be improper and against public policy for another court to interfere with the administration. Many of the States of the Union have changed this rule by special statutes. Among those which have done so is this State. Our Civil Code provides (§§ 4734 and 4735):

"As a general rule, the interest of a legatee or distributee

is not subject to garnishment issued against an executor or ad-. ministrator; but if the legacy has been assented to by the executor, and such legacy is not defeated by debts against the estate, and when there has been a final settlement by the administrator, and there remains in his hands a fixed balance, such legacy or the interest of the distributee or heir may be reached by process of garnishment, at the instance of a creditor of such legatee, distributee, or heir at law, as the case may be.

"In every case a garnishment may be issued against an executor or administrator for a legacy or distributive share, or for any debt or demand owing by said estate to any other pérson, if the creditor will swear—in addition to the oath required in ordinary cases—that his debtor resides without the State, or is insolvent. In such cases the executor or administrator shall not be compelled to answer the garnishment until the estate in his hands is sufficiently administered to enable him safely to answer the same."

Section 4735 fully authorizes the issuance of a summons of garnishment against an executor or administrator for the distributive share of a legatee or distributee, when a creditor complies with its terms. It is general in its provisions, and makes no exception of an administrator who is also a distributee of the estate. In contemplation of law, G. I. Johns as an individual and G. I. Johns as administrator of the estate of Warren Johns are entirely different persons. As an individual he acts for himself; as an administrator he is an officer of the law and his duties are prescribed by law. He acts in two capacities, one as an individual and one as the representative of an estate (Tillinghast v. Johnson, 5 Ala. 514, and Carter v. Ingraham, 43 Ala. 78); and we see no good reason why he can not be garnished as administrator for a debt the estate owes him as an individual. In the case of Dudley v. Falkner, 49 Ala. 148, the Supreme Court of Alabama held, under a statute not nearly so broad as ours, that "a garnishment on a judgment may be sued out against an executor in his official capacity, although the judgment is against himself personally." And in the opinion, Peters, J., cites the following authorities to sustain that ruling: Grayson v. Veeche, 12 Martin (La.) 688; 1 Rolle's Abr. 554;

Graighle *v.* Notnagle, 1 Peters C. C. R. 245. These cases we have examined, and they go so far as to hold that a plaintiff in garnishment may attach funds in his own hands to pay a debt due him from the person to whom the estate is indebted. See also Coble *v.* Nonemaker, 78 Pa. St. 501; Lyman & Co. *v.* Wood, 42 Vt. 113; Boyd *v.* Bayless, 4 Humph. (Tenn.) 385. We are aware that other States have taken a contrary view of this question, but their decisions are founded upon the phraseology of their particular statutes. See Knight *v.* Clyde, 12 R. I. 119, and Shepherd *v.* Bridestine, 80 Ia. 225, 45 N. W. 746. Our code gives the express right to garnish an administrator for the distributive share of one of the heirs, and makes no exception when the administrator is himself a distributee; and we therefore are of opinion that the garnishment in this case was legal.

2. The judgment rendered against the administrator in the garnishment proceeding was conclusive upon him, but only prima facie as against the sureties. They had the right to show that the judgment was improperly rendered for the reason that Johns as administrator had no money or effects belonging to himself as an individual. They claimed in their answer that this was so, but there appears in the record no evidence to show that Johns as administrator had no money or effects in his hands, at the time of the service of the summons of garnishment upon him, belonging to him as an individual. There was not a particle of evidence, so far as the record discloses, introduced upon that subject. They relied solely upon the defense that a garnishment would not lie in such a case. The judgment being prima facie good as against them, and they having utterly failed to carry the burden of showing it improper, it is clear that their defense on this line was not made out.

3. This case was tried before the judge without the intervention of a jury. He found in favor of the plaintiffs, and refused, upon motion for new trial, to set aside this finding. We think that the proceeding and judgment in garnishment were not void, and the defendants failed to show that the judgment was erroneous or improper. It follows that the finding of the trial judge was correct, and that he was right in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concurring.*