## HARRIS *et al,* v. KITTLE.

TURNER, J. 1. Where a testator by his will directed that his widow take charge of all his property and receive all the proceeds arising therefrom during her life, and further directed that, at the death of his widow, his executor should take charge of the property and dispose of it either at public or private sale, and divide the proceeds of the sale among the testator's children, or their children, in a given way, the title to the property vested in the ex-

ecutor to be disposed of in conformity with the will. *Avery* v. *Sims*, 69 *Ga.* 314. It follows that a son of the testator had no such interest in the property devised to the executor as could be seized or levied on for the son's debts.

2. It also follows that the levy of an attachment, sued out on the ground of non-residence, against a son of the testator, upon an undivided interest in the land in the hands of the executor, as the property of the son, even though the notice of the levy posted on the land was shown to the executor as the tenant in possession, is void. And no notice having been given the defendant of the levy of the attachment, the judgment against the defendant and against the land is also void, it not appearing that the son in any way waived the notice. *Smith* v. *Brown*, 96 *Ga.* 274; *McCrory* v. *Hall*, 104 *Ga.* 666.

3. Even if an attachment against a legatee can be levied by a summons of garnishment served upon the executor under the Civil Code, § 4735, the creditor should swear not only that the debtor resides without the State, as was done in this case, but should also swear that the plaintiff has reason to apprehend the loss of said debt, or some part thereof, unless summons of garnishment do issue, as in ordinary cases. Without the aid of the statute, an executor can not be garnished for funds which he holds as such executor. *Brown* v. *Wiley*, 107 *Ga.* 85. Compliance with the statute is necessary to give any other court than the court of ordinary jurisdiction of the executor in a special proceeding like a garnishment It is also to be noted that the judgment against the defendant, W. B. Harris, is void. For these reasons both the garnishment and the judgment founded upon it are void.

4. It was error to direct a verdict for the plaintiff in an equitable proceeding filed in aid of the proceedings above indicated.

                *Judgment reversed. All the Justices concur.*

Argued November 5, — Decided November 14, 1903. Rehearing denied November 17, 1903.

Equitable petition. Before Judge Fite. Catoosa superior court. February 3, 1903.

*Payne & Payne*, for plaintiffs in error.
*J. H. Anderson* and *R. J. & J. McCamy*, contra.