### ROWAN, guardian, *v.* COMBS.

This case is controlled, in principle, by the ruling in *Moore* v. *Peacock,* 94 *Ga.* 523.

Submitted November 23, — Decided December 12, 1904.

Complaint for land. Before Judge Reagan. Henry superior court. April 18, 1904.

*J. S. Gleaton,* for plaintiff. *J. F. Wall,* for defendant.

COBB, J. The guardian of an imbecile brought an action to recover the possession of land and for mesne profits. The title pleaded was the interest of the ward as the sole beneficiary of a homestead estate which had been carved out of her husband's estate. Pending the action the ward died. Her death being suggested of record, it was ordered that the suit proceed in the name of the guardian, he being clothed by law with all the powers of an administrator of his ward's estate. See *Jefferson* v. *Bowers,* 33 *Ga.* 452. The defendant filed a plea in abatement, alleging that on account of the termination of the homestead estate by the death of the sole beneficiary, her legal representative had no further interest either in the land or in mesne profits which had accrued during her lifetime. This plea was sustained and the action was abated. To this judgment the plaintiff excepted.

It is conceded that, the homestead estate having terminated upon the death of the sole beneficiary, the legal representative of the beneficiary had no right to recover possession of the land; but it is contended that the mesne profits which had accrued during the existence of the homestead estate and withheld from the beneficiary were a part of her estate and could be lawfully recovered by her legal representative. At common law the general rule was that where the lessor of the plaintiff was a life-tenant and died pending the action, the suit might be revived by the legal representative of the lessor for the sole purpose of re-

covering mesne profits, damages, and costs.     See Tyler on Eject-
ment, 578.     The contention is that the case is controlled by this
principle of the common law.     In *Moore* v. *Peacock*, 94 *Ga.* 523,
it was held that those who were beneficiaries of a homestead
during their minority, and had arrived at full age, could not there-
after recover from one who had wrongfully excluded them from
the possession and enjoyment of the estate during their minority
and who had received the rents and profits to his own use.     It
was said that, their right as beneficiaries having become ex-
tinguished by lapse of time, they had no claim as beneficiaries
and consequently no title, legal or equitable, on which they could
recover; the ruling going to the extent that all rents and profits
arising out of the homestead land, except those consumed while
the homestead estate was in existence, belonged to the owner
of the realty out of which the homestead was carved.     This case
is directly controlling in principle, and seems to make the pecu-
liar character of the homestead estate a sufficient reason for not
applying the rule of the common law above referred to.     If the
arrival at majority of minor beneficiaries and consequent termi-
nation of the homestead estate precluded them from recovering
from a wrong-doer rents and profits which were unlawfully with-
held from them during their minority, it would seem, upon like
principles, that the death of an adult beneficiary whose interest
terminated with her life would have a similar effect; and the fact
that the suit was brought during her life would not seem to be a
distinction in principle between the two cases.

          *Judgment affirmed.     All the Justices concur.*