## COLLINS, agent, *v.* TAYLOR.

An affidavit to obtain a distress warrant on the ground that the rent is due is amendable by alleging the rent was not due at the time the affidavit was made, but at that time the tenant was seeking to remove his goods from the premises, where the distress warrant has been converted into mesne process by the tenant's filing the statutory counter-affidavit.

Argued May 14,—Decided August 8, 1907.

Distress warrant. Before Judge Littlejohn. Macon superior court. May 17, 1906.

*Haygood & Cutts,* for plaintiff.

*Greer & Felton,* for defendant.

EVANS, J. Collins, as agent for Mrs. Ellington, sued out a distress warrant against Taylor, alleging in his affidavit that the amount claimed was due and unpaid. The defendant filed his statutory counter-affidavit, denying that the sum distrained for or any part thereof was due; and the distress warrant and affidavit were returned to the superior court. When the case was called for trial the plaintiff offered to amend by striking from the original affidavit the allegation that the rent was due and unpaid, and inserting in lieu thereof the following: "That said Cook Taylor has rented the premises described in the original affidavit for a period of twelve months beginning September 1, 1904, at twenty-five ($25.00) per month, and at the time of suing out said distress warrant said Cook Taylor was seeking to remove his goods from the rented premises without paying or offering to pay the rent for the unexpired portion of said term." The court refused to allow the amendment, and the plaintiff excepted to this ruling. The plaintiff then offered evidence to the effect that the defendant had rented the premises from September 1, 1904, for the period of one year, at the monthly rental of $25; that the rent prior to January 1, 1905, had been paid, and that the rent for January was not due until the end of the month by the terms of the contract. The distress warrant was sued out on January 25, 1905. At the conclusion of the plaintiff's testimony the court, on motion of defendant, granted a nonsuit, and exception was taken to this judgment.

1. A landlord may distrain for rent as soon as the same is due, or before due if the tenant is seeking to remove his goods from the premises. Civil Code, §3124. The party distrained may in all

cases file a counter-affidavit denying that the sum or some part thereof, distrained for, is due, and have the issue made by his counter-affidavit tried in the proper court. Civil Code, § 4819. No other pleading by the defendant is necessary to let in evidence to sustain any legitimate defense he may have to the landlord's demand. *Smith* v. *Green*, 128 *Ga.* 90; *Johnson* v. *Patterson*, 86 *Ga.* 725. The filing of the counter-affidavit converts the distress warrant into mesne process, and thereafter the proceeding amounts to a suit for rent. *Hardy* v. *Poss*, 120 *Ga.* 385. The affidavit for a distress warrant serves the purpose of stating the plaintiff's cause of action. If it is therein alleged that the rent is due, the probata must sustain this allegation, to entitle the plaintiff to recover. Evidence that the tenant is seeking to remove his goods from the premises is not competent in such a case. *Anders* v. *Blount*, 67 *Ga.* 41; *Holt* v. *Licette*, 111 *Ga.* 810. In neither of these cases was the question made that the affidavit was amendable so as to make it conform to the evidence. Of course, if the affidavit was amendable so as to allege that the tenant was seeking to remove his goods from the premises, testimony supporting such allegation would be competent. The law of amendment in this respect is very liberal. All affidavits for the foreclosure of liens, or which are the foundation of legal proceedings, are amendable to the same extent as ordinary declarations. Civil Code, § 5122. This statute is remedial in its nature, and is therefore to be liberally construed and applied. Before its enactment affidavits which were the foundation of summary process were not amendable. *Brown* v. *Mc-Cluskey*, 26 *Ga.* 577. The manifest purpose of the code section 5122 was to change this rule, so as to permit amendments to affidavits upon which summary process was issued. It has been held to authorize an amendment to an attachment affidavit which alleged the ground of attachment to be that the debtor is "about to remove without the limits of the State," by adding thereto the words "and county," so as to make it read, "without the limits of the State and county." *Brumby* v. *Rickoff*, 94 *Ga.* 429. The Mississippi Code of 1871, § 1483, authorized amendment of defective affidavits in attachment, and the Supreme Court of the United States was of the opinion that under such a provision there could be no objection, on principle, to an amendment adding a new ground of attachment. *Fitzpatrick* v. *Flanagan*, 106 *U. S.* 648.

We can not perceive any obstacle in the way of amending the affidavit to conform to the actual conditions existing at the time of suing out the distress warrant. Such an amendment, from the nature of things, can not be prejudicial to the tenant. His objection to such an amendment is purely technical. It is an objection which does not raise the issue that the tenant is not liable, or that the suing out of the warrant was premature, but that the landlord is put to his election in the first instance to state on what ground he is entitled to distrain. Section 3124 affords the landlord a remedy by distress warrant, both when the rent is due, and when it is not due under certain circumstances. It does not relate or refer to the rent contract which is the cause of action. An amendment of the character refused by the court states no new cause of action. The landlord is still pursuing his remedy by distress warrant, notwithstanding the proceeding has been converted into an action for rent by the tenant's counter-affidavit. And he may amend by alleging facts which show that he may lawfully proceed against his tenant by distress warrant.

The plaintiff's case depended on the allowance of the proffered amendment; and when this 'was disallowed, he was unable to prove his case, and the nonsuit was inevitable. The judgment of nonsuit was the consequence of an erroneous ruling, and must be

*Reversed. All the Justices concur.*