### 531. NATIONAL LUMBER COMPANY *v.* TURNER *et al.*

1. The guardian of a ward who dies pending his minority, intestate, becomes then the administrator of his estate. Civil Code, § 2569.
2. An administrator can not be garnished in the absence of a statute conveying express authority for that purpose, for the reason that without such a statute the court of ordinary alone has jurisdiction. Under the Civil Code, §§ 4734, 4735, an administrator is, in certain cases therein provided for, subject to garnishment; but the provisions of these sections being in derogation of the jurisdiction of the court of ordinary, the garnishment proceedings must be in strict compliance with the terms of the exceptions therein provided.
3. Process of garnishment sued out to reach the distributive share of a person in the hands of the administrator, or to impound a debt owed by the estate to a debtor of the garnishing creditor, is void, unless "the creditor will swear—in addition to the oath required in ordinary cases—that his debtor resides without the State, or is insolvent." Without such an affidavit, the court of ordinary still has jurisdiction of the person and the subject-matter, and no other court acquires jurisdiction.
4. The affidavit upon which the garnishment was based, containing no statement that the heir, distributee, or creditor of the estate was insolvent, the city court of Baxley was without jurisdiction to issue process of garnishment; and consequently all subsequent proceedings, including the judgment against the garnishee, were void. Therefore, in a suit brought against such administrator and the surety on his bond, founded upon such void judgment against the garnishee, it was not error to render a judgment in favor of the defendants.

Action on bond, from city court of Baxley—Judge Thomas. April 13, 1907.

Submitted October 22,—Decided October 30, 1907.

*W. W. Bennett,* for plaintiff.  *V. E. Padgett,* contra.

RUSSELL, J. In 1905 the National Lumber Company obtained a judgment against E. W. Turner, in the city court of Baxley, for $308.52. On March 6, 1906, the lumber company sued out process of garnishment before the judge of the city court of Baxley and had summons of garnishment served upon E. W. Turner, as guardian of Frances Virginia Turner, deceased, calling upon him to answer what amount he owed the defendant, E. W. Turner, as an individual. The garnishment was made returnable to the April term, 1906, of the city court of Baxley, and service was perfected on E. W. Turner, guardian, the garnishee, on March 6, 1906. The affidavit upon which the process of garnishment issued was as follows: "Georgia, Appling County. In person before the undersigned officer, authorized to issue process of gar-

nishment, came W. W. Bennett, the attorney at law of the National Lumber Co., a corporation under the laws of Georgia, who on his oath says that E. W. Turner, to the best of my knowledge and belief, is indebted to the National Lumber Co. in the sum of two hundred and seventy-five dollars, for which amount judgment has already been obtained in the city court of Baxley, Ga., and that he has reason to apprehend the loss of said sum, or some part thereof, unless process of garnishment do issue." (Signed, etc.) The National Lumber Company gave a garnishment bond in conformity with the affidavit. The garnishee filed no answer to the summons of garnishment, either at the April or the June term; and on August 9, 1906, judgment was entered against the garnishee, E. W. Turner, guardian of Frances Virginia Turner, deceased, for $275 and costs. On December 14, 1906, an execution was issued on this judgment and, after being entered on the general execution docket, was placed in the hands of the sheriff, who made a return thereon of nulla bona. Thereupon the plaintiff in fi. fa., the National Lumber Company, brought the present action against E. W. Turner, guardian, as principal, and H. M. Herndon as security, on the guardian's bond. The petition, after setting forth the foregoing facts and alleging that E. W. Turner was one of the heirs at law of his deceased daughter and ward, Frances Virginia Turner, and had received, from the sale of land belonging to his deceased ward, the sum of $1025, asked judgment against the principal and the security on the guardian's bond, for $275, being the amount of the judgment he had obtained against the guardian as garnishee. The defendants, Turner, guardian, and Herndon as security, defended solely upon the ground that the judgment against the garnishee and the proceedings upon which said judgment was based were null and void. The issue was tried before the judge of the city court of Baxley, who, on April 13, 1907, held that the garnishment proceeding was invalid and that the judgment rendered thereupon was null and void, and rendered a judgment in favor of the defendants, which is now excepted to.

We think the judgment of the judge of the city court of Baxley was right. The plaintiff in error insists that the garnishment proceedings and the judgment based thereon and the fi. fa. issued upon the judgment, all admitted in evidence, show a valid, legal,

binding judgment against the defendant, E. W. Turner, guardian. If this were true, the guardian having received $1025 belonging to the estate of his ward, and being one of her heirs, his interest therein as such heir could be reached by his judgment creditors, by the process of garnishment. The learned counsel for the plaintiff in error insists that the case is controlled by the Civil Code, §§4705, 4706, 4708, 4709. These are the sections applicable to proceedings in garnishment generally; and the affidavit which we have quoted above was made in conformity with §4708. We think, however, that this guardian could only be garnished under the terms of code-section 4735; and that while the judge of the city court of Baxley is clothed, by the act of 1897, sec. 10 (Ga. Laws 1897, p. 423), with ample power to take the affidavit and issue the process of garnishment, he could only do this in conformity with the terms of §4735. It appears, from the record, that the ward, Frances Virginia Turner, died in 1901, a minor eighteen years of age, leaving her estate in the hands of her guardian, because it was not sold until March 6, 1906. Under these circumstances the guardianship terminated, and E. W. Turner became the administrator of his deceased ward's estate. The Civil Code, §2569, provides that "When a ward shall die intestate pending his minority, the guardian shall proceed to distribute his estate in the same manner as if he had been appointed administrator upon such estate, and the sureties on his bond shall be responsible for the faithful administration and distribution of such estate." This code-section is not in the same verbiage as the original act from which it is taken (Acts 1858, p. 57). The original act provided that "whenever any ward or wards shall depart this life, leaving assets of any kind, the guardian or guardians of said ward or wards are hereby vested with all the powers of administrators on estates, and *shall be controlled* by the laws in force in this State in relation to administrators." In *Jefferson* v. *Bowers, 33 Ga.* 452, the Supreme Court held that this act applied to guardians of lunatics, and so construed it. There is one material difference between the code section and the original act. The code section makes the guardian an administrator only when the ward dies intestate, whereas the original act vested the guardian with all the powers and duties of administrator whenever his ward died "leaving assets of any kind." The original act made the guard-

ian the administrator without regard to the contingency that the ward might have executed a will. The code section perhaps is intended to provide for that contingency. It is clear, therefore, that in the absence of either allegation or proof that Frances Virginia Turner left a will, her guardian, E. W. Turner, upon her death, became, by the terms of §2569, the administrator of her estate, and was only subject to garnishment under the provision of §4735, which furnishes an exception to the usual rule as to garnishments. Under the provisions of §4735, an executor or administrator may be garnished for a legacy or distributive share, or for any debt owed by the estate to any other person, but the creditor must, in addition to the oath required in ordinary cases of garnishment, swear that his debtor either resides without the State or is insolvent. As will be noted from the affidavit in this case, the affiant did not swear either that E. W. Turner resided out of the State, or that he was insolvent. Not having placed his case within the exception, the affidavit was fatally defective, and gave the city court of Baxley no jurisdiction. All of the subsequent proceedings, including the judgment, for want of jurisdiction were void.

The garnishee fails to answer a garnishment at his peril, but he is not required to answer a void process of garnishment, and therefore, in this case, the fact that the garnishee failed to make answer was of no importance and adds nothing to the authority of the court or its power to enter judgment against the garnishee. Unless the affidavit made to obtain process of garnishment conferred jurisdiction upon the court rendering the judgment, the judgment was void, and could be attacked whenever it was material to the interest of the parties to consider it. The judgment against the garnishee was a nullity. Civil Code, §5369. Section 4735 fully authorizes the issuance of summons of garnishment against an administrator, for the distributive share of the distributee, but only when the creditor complies with its terms. The administrator is primarily responsible to the ordinary, and the court of ordinary has jurisdiction. The mandatory requirements of §4735 must be complied with, in order to give any other court than the court of ordinary jurisdiction of an administrator, in a special proceeding like a garnishment. *Harris* v. *Kittle,* 119 *Ga.* 30 (3) (45 S. E. 729); *Brown* v. *Wiley,* 107 *Ga.* 85 (32 S. E.

48

905). "Without the aid of a statute, an administrator or executor can not be garnished for funds which he holds as such administrator or executor. The reason is that he. is an officer of the court, and as such must account for all funds in his hands, and it would be improper and against public policy for another court to interfere with the administration." *Brown* v. *Wiley,* supra. This is a general rule. Our State has varied it to the extent of the provisions of the Civil Code, §§4734, 4735; but these sections furnishing exceptions to the general rule must be strictly complied with. Had the affidavit made to obtain the garnishment contained the statement that the debtor, E. W. Turner, was insolvent, the judgment against the garnishee and the return of nulla bona on the fi. fa. issued in pursuance of such judgment, if supported by proof of the other allegations, would have authorized a judgment against the guardian and the surety on his bond. In the absence of a sworn averment, in the original affidavit, that the defendant was insolvent, or that he resided without the State, the jurisdiction of the court of ordinary was exclusive, and the jurisdiction conferred by the act of 1897, creating the city court of Baxley, §10, to issue the garnishment, was inoperative. This being true, all subsequent proceedings against the garnishee were, for want of jurisdiction, void, and properly so considered by the judge in the trial of the pending case against the guardian and the surety.                           *Judgment affirmed.*