3421. STOVALL & BROTHER *v.* JOINER, administrator.

Where an affidavit for garnishment against an administrator omits the allegation that the defendant is insolvent, the omission may be supplied by amendment, unless in the meantime the garnishee, or some third party, has acted to his injury by reason of the omission.

DECIDED DECEMBER 19, 1911.

Garnishment; from city court of Nashville—Judge Cranford. April 21, 1911.

The plaintiff in fi. fa., through his attorney, made affidavit and bond for garnishment, in ordinary form, and the process of garnishment issued thereon was served on the administrator of the deceased ancestor of the defendant in fi. fa. The administrator, at the first term thereafter, answered that the defendant was entitled to a share in the estate, the exact amount of which could not at that time be given, but would be set up thereafter. At a later term of the court the administrator moved to dismiss the garnishment proceedings, because the affidavit failed to allege that the defendant was insolvent, or that he was a non-resident, as required by the Civil Code (1910), § 5304. Thereupon the plaintiff offered to amend the affidavit, by adding the allegation that the defendant was insolvent. The court refused to allow the amendment, and sustained the motion to dismiss the garnishment proceedings.

*Hendricks & Christian*, for plaintiffs.

*Chastain & Gaskins, Alexander & Gary*, contra.

RUSSELL, J. It is provided by the Civil Code (1910), § 5706, that "all affidavits that are the foundation of legal proceedings . . . shall be amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas." This provision of the law changed the rule as it previously existed, into harmony with the statement of Chief Justice Bleckley that in this State the doctrine of amendment is as broad as the plan of universal salvation. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809). The statute, being remedial in nature, is to be liberally construed, to the end that the vice aimed at may be fully cured. *Levin* v. *American Furniture Co.*, 133 *Ga.* 670, 671 (66 S. E. 888). Any amendment which is aimed to make the affidavit conform to the actual conditions existing at the time of its making is in the interest of truth and justice, and should not be disallowed for purely technical objections not going to the merits of the controversy. *Collins* v. *Taylor*, 128 *Ga.* 789, 790 (58 S. E. 446). The allegation that the defendant was insolvent was necessary to confer jurisdiction on the court; and, in the absence of such an allegation, either originally or by way of amendment, before prejudice therefrom to the rights of third parties, the garnishment proceedings are void, and the court has no juris-

diction to render judgment against the administrator. *National Lumber Co.* v. *Turner,* 2 *Ga. App.* 750 (59 S. E. 15). Construing the foregoing code section relating to the amendment of affidavits, however, in connection with section 5691, providing that "the omission to give the court jurisdiction in the pleadings is amendable," it appears that the omission to give the court jurisdiction by the allegations of the original affidavit may be cured by amendment. By the former section affidavits are expressly made amendable in all respects like pleadings, and by the latter section pleadings are expressly made amendable by supplying facts conferring jurisdiction; from which it follows that affidavits are amendable by supplying necessary jurisdictional facts.

A case similar in principle to the case at bar is that of *Johnson* v. *Johnson,* 113 *Ga.* 942 (39 S. E. 311). There suit was brought in a justice's court upon a promissory note for $100 principal and 10 per cent. attorney's fees. Such a suit is not within the jurisdiction of that court; but nevertheless the Supreme Court held that the suit could be amended, so as to show that the amount really due upon the note at the time suit was begun was less than $100, inclusive of attorney's fees. The actual facts existing at the time the suit was brought made the case one within the jurisdiction of the court, and the omission of the pleader to set forth all these facts can be supplied by amendment. In the case at bar the actual facts existing at the time the garnishment suit was begun show that the plaintiff held an unsatisfied execution against the defendant, and that the garnishee held property belonging to the defendant which in justice ought to go toward the satisfaction of the execution, and that the defendant was insolvent. These facts gave the court jurisdiction; and, under the law as we understand it, one of the facts, to wit, the insolvency of the defendant, could be supplied by amendment, which would relate back and become a part of the original proceedings. *Brumby* v. *Rickoff,* 94 *Ga.* 429 (21 S. E. 232). To hold otherwise would be to go contrary to the whole policy of our law and to the evident purpose and intent of the statutes referred to above. If the suit as originally begun contains the skeleton, the meat may be put on the bones by way of amendment. *Penn* v. *McGhee,* 6 *Ga. App.* 635 (65 S. E. 686). We hold, therefore, that the court erred in refusing to allow the amendment, and in dismissing the garnishment proceedings.                    *Judgment reversed.*