### 5064.  JOINER, adm'r, *v.* DOUGHERTY-WARD-LITTLE COMPANY.

1. Process of garnishment sued out to reach a distributive share of an estate in the hands of an administrator is void, unless "the creditor will swear—in addition to the oath required in ordinary cases—that his debtor resides without the State, or is insolvent." Civil Code (1910), § 5304.
2. It was error to allow an amendment for the purpose of curing an omission to comply with the foregoing requirement, the amendment being offered after the person whose distributive share it was sought to reach by the garnishment had been adjudicated a bankrupt, and the sum due him from the estate in the hands of the administrator had

been paid into the bankruptcy court in pursuance of a judgment of that court, rendered after due notice to his creditors and without objection on the part of the garnishing creditor.

DECIDED DECEMBER 9, 1913. REHEARING DENIED FEBRUARY 4, 1914.

Garnishment; from city court of Nashville—Judge Cranford presiding. May 15, 1913.

Summons of garnishment directed to W. D. Joiner, administrator of the estate of Needham Joiner, based on an execution against J. G. Joiner, was issued on an affidavit in the ordinary form, and was served on the garnishee. At the April term, 1910, of the city court of Nashville, to which the proceeding was returnable, the garnishee filed an answer denying indebtedness, and further answering that he was administrator of the estate of Needham Joiner, the father of the defendant, and that the defendant would be entitled to receive so much of a child's part of the estate as was not paid to him by the decedent as an advancement, but that the amount due could not be determined until completion of the administration; and the respondent asked further time in which to file a fuller answer. On April 22, 1911, the garnishee filed a motion to dismiss the garnishment proceeding, on the ground that it was void, because the affidavit failed to allege that the defendant was insolvent or that he was a non-resident, as required by the Civil Code (1910), § 5304. Subject to this motion the garnishee filed on April 22, 1911, an answer stating that it was filed at the first term of the court after the twelve months allowed for the administration of the estate of Needham Joiner; that J. G. Joiner's distributive share of the estate was $915.08; that on September 20, 1910, J. G. Joiner was duly adjudged bankrupt in the United States Court for the Southern District of Georgia, and the title to all his property was thereby vested in the trustee of the bankrupt's estate; that on October 27, 1910, by order of the bankruptcy court having jurisdiction thereof, the said trustee was ordered to make demand upon W. D. Joiner as administrator, for payment of the distributive share of J. G. Joiner to him as trustee, for administration in the bankruptcy court; that on December 6, 1910, pursuant to such order and demand, W. D. Joiner, as administrator, paid the said sum to the said trustee, over protest of said administrator, which protest was heard after due notice to all the creditors of the estate of J. G. Joiner, and, none of the creditors appearing and

contesting or claiming such fund, the bankruptcy court took charge of the same for distribution, and now has charge of and is administering the fund in the bankruptcy court; and that the plaintiffs are relegated to their rights in that court, as it would be unjust and inequitable to the garnishee to have the fund administered in both courts.

When the case came on to be heard at the May term, 1913, of the city court, the garnishee amended his original motion to dismiss the garnishment affidavit, by adding, as additional grounds for dismissal, the facts set out in the foregoing answer, and also that the summons of garnishment was directed to him individually and not in the capacity of an administrator. Thereupon the court allowed, over objection, an amendment to the garnishment affidavit, adding the words, "that the above and foregoing defendants are insolvent." The court then overruled the motion to dismiss. The plaintiffs offered in evidence the execution on which the garnishment was based, and the court rendered judgment against the garnishee. The garnishee excepted, assigning error upon the allowance of the amendment, the overruling of the motion to dismiss, and the final judgment.

*Alexander & Gary, W. D. Buie,* for plaintiff in error.
*Hendricks & Hendricks,* contra.

ROAN, J. The affidavit of garnishment in this case was void because it failed to comply with section 5304 of the Civil Code, which requires, as a condition to the issuance of garnishment to reach a distributive share of an estate in the hands of an administrator, that "the creditor will swear—in addition to the oath required in ordinary cases—that his debtor resides without the State, or is insolvent." *National Lumber Co.* v. *Turner,* 2 *Ga. App.* 750 (59 S. E. 15). When a companion case to this was before the Court of Appeals (*Stovall* v. *Joiner,* 10 *Ga. App.* 204, 73 S. E. 22), it was held that the affidavit was amendable. In the present case, prior to amendment of the affidavit, the amount due the defendant as distributee was paid into the bankruptcy court by the administrator, under an order of that court, after notice to all the creditors of the defendant. In *Stovall* v. *Joiner,* the rule announced was, "Where an affidavit of garnishment against an administrator omits the allegation that the defendant is insolvent, the omission may be supplied by amendment, unless in the meantime the garnishee, or

some third party, has acted to his injury by reason of the omission."
In the present case, to allow the omission to be cured by amend-
ment would operate to the injury of the garnishee, who, before the
amendment was offered, complied with the order and judgment of
the bankruptcy court to pay the fund into that court, after due
notice to all creditors, which necessarily included this creditor.
The creditor having acquiesced in the judgment of the bankruptcy
court, and the garnishee having acted on that judgment, and paid
the fund into that court for distribution at a time when the gar-
nishment proceedings were void upon their face, the garnishee is
now protected. To allow the judgment against this administrator
as garnishee to stand would force him to pay the fund twice through
no fault of his.

The judgment of the city court is therefore          *Reversed.*

### ON MOTION FOR REHEARING.

The defendant in error complains of certain statements made in
the opinion which it avers are not supported by the record. It is
urged that the statement in the opinion that the amount due the
defendant, as distributee, was paid over to the bankruptcy court
"after notice to all the creditors of the defendant" is not borne
out by the record. The statement complained of was taken literally
from the amendment to the answer of the garnishee, which was
allowed by the court. The answer to the garnishment was not
traversed, and therefore all statements of fact appearing in the
answer must be taken as true. Civil Code, § 5283; *Darlington* v.
*Belt,* 12 *Ga. App.* 522 (77 S. E. 653). The movant criticises the
decision of this court in *Stovall* v. *Joiner,* 10 *Ga. App.* 204 (73
S. E. 22). In reply to this criticism it is sufficient to say that the
case was carefully considered, and we are satisfied that the decision
does not in any way conflict with any decision of the Supreme Court
or with former decisions of this court.

The fundamental principle upon which the decision in the pres-
ent case is rested is that, the original garnishment proceedings
being invalid, the garnishee had the right to pay the money over
into the bankruptcy court; and the fact that the garnishment pro-
ceedings were subsequently perfected by amendment would not
operate to render the garnishee liable to pay the fund twice, when
he had previously lawfully paid it over to the bankruptcy court.