### 9684. BENJAMIN v. ELLIOTT.

LUKE, J. Where a distress warrant is issued and levied, and counter-affidavit is made and bond given, based on an affidavit as follows: "Before me comes Katherine Benjamin, Agt. J. B. Benjamin, who, being duly sworn, deposes and says that W. B. Elliott of said county is justly indebted to deponent in the sum of one hundred and forty-seven dollars and fifty cents ($147.50), for rent of Benjamin's farm near West Rome, which is now due and unpaid," the affidavit may be amended by striking the word "deponent" and inserting in lieu thereof the word "J. B. Benjamin." Especially is this true where the counter-affidavit admits renting the premises from J. B. Benjamin and seeks a judgment against J. B. Benjamin. The court erred in rejecting the amendment and in thereafter dismissing the distress warrant. Park's Ann. Code, §§ 5706, 5559; Collins v. Taylor, 128 Ga. 789 (58 S. E. 446); Penn v. McGhee, 6 Ga. App. 631 (65 S. E. 686).

Judgment reversed. Wade, C. J., and Jenkins, J., concur.
DECIDED OCTOBER 16, 1918.

Distraint; from city court of Floyd county—Judge Nunnally. March 28, 1918.

The distress warrant, after reciting that Katherine Benjamin has made affidavit that W. B. Elliott is justly indebted to J. B. Benjamin in a stated sum, directs a levy on the property of the defendant to make the said sum due to J. B. Benjamin, etc. The amendment is sworn to by Katherine Benjamin, and begins: "And now comes Katherine Benjamin as agent for J. B. Benjamin in the above-stated matter, and amends the affidavit of foreclosure in the distress warrant," etc. On objection by the defendant, on the ground that it made a new party plaintiff, the court refused to allow the amendment. The court then sustained a motion to dismiss the distress warrant, on the ground that it did not follow the affidavit, "in that the affidavit alleges that W. B. Elliott is indebted to Kate Benjamin, and the warrant issued in the name of J. B. Benjamin." J. B. Benjamin excepted to the refusal to allow the amendment, and to the dismissal of the distress warrant.

Maddox & Doyal, for plaintiff. W. B. Mebane, for defendant.