### 13508. SLOAN *v.* SMITH.

BELL, J. 1. The overruling of a motion to dismiss an attachment is such a judgment as may be directly excepted to under section 6138 of the Civil Code, (1910), and a bill of exceptions complaining thereof is not subject to dismissal as being prematurely brought, although a replevy bond has been given and the cause is still pending in the court below upon the declaration in attachment. *Sutherlin* v. *Underwriters' Agency.* 53 *Ga.* 443 (3); *Bruce* v. *Conyers,* 54 *Ga.* 678 (2); *Brown* v. *Massman,* 71 *Ga.* 859; *Falvey* v. *Adamson,* 73 *Ga.* 493, 498; *Hanjaras* v. *Kilpatrick,* 7 *Ga. App.* 464 (67 S. E. 120); *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48).

2. A magistrate has no jurisdiction to issue an attachment on Sunday, unless, in addition to complying with the other provisions of the code, the plaintiff, his agent or attorney at law, shall swear " that he has reason to apprehend the loss of the debt unless process of attachment do issue on Sunday " (Civil Code (1910), § 5065); but " the omission to give the court jurisdiction in the pleadings [in this case the attachment affidavit] is amendable (Civil Code (1910), § 5691), where " the actual facts existing at the time " the attachment was issued make " the case one within the jurisdiction of the court." *Stovall* v. *Joiner,* 10 *Ga. App.* 204 (73 S. E. 22). Accordingly, where an attachment was issued on Sunday upon an affidavit which omitted the additional oath required by the code section first above mentioned, the proceeding was not void on

its face, and consequently, where an amendment was offered by the plaintiff in attachment supplying this omission, there was no error in allowing the amendment over the objection that the proceedings were not amendable; nor was there error, in view of the amendment, in striking the plea in abatement attacking the validity of the proceedings because of such original omission, nor in overruling a motion of the defendant to strike that part of the declaration which prayed for a judgment against the defendant in·attachment and his sureties upon the replevy bond given.   Civil Code (1910), § 5706; *Penn* v. *McGhee*, 6 *Ga. App.* 631 (65 S. E. 686); *Ocilla Southern R. Co.* v. *McAllister*, 20 *Ga. App.* 400 (3) (93 S.·E. 26); *Smith* v. *Jacksonville Oil Mill Co.*, 21 *Ga. App.* 679 (3), (4), (5) (94 S.·E. 900); *Johnson* v. *Johnson*, 113 *Ga.* 942 (39 S.·E. 311).

Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.<br>
DECIDED FEBRUARY 15, 1923.

Attachment; from city court of Floyd county — Judge Nunnally.   March 9, 1922.

*Porter & Mebane,* for plaintiff in error.

*M. B. Eubanks, L. A. Dean, Lamar Camp,* contra.