### 14053. MOORE *v.* MIMS, administrator.

BELL, J. An attachment affidavit, in addition to the grounds of the attachment, averred that "it will be necessary to execute this attachment by service of garnishment upon S. Mims, administrator of the estate

of W. E. Bishop, deceased, and that said defendants are insolvent." The administrator thereupon signed a writing entitled in the same cause, saying: " I, as administrator [etc.], do hereby consent to the service of garnishment upon me as administrator in the above stated case, waiving any twelve months exemption that may be allowed by law." The process of garnishment was served upon him accordingly. After the plaintiff in attachment procured a verdict and judgment against one of the defendants in attachment, a judgment was rendered against the administrator garnishee, who, it is recited in the judgment, had filed no answer. The attorney for the administrator was in court at the time of the rendition of the judgment, and moved for a postponement. Thereafter the administrator filed a motion to set aside the judgment against him, upon the ground, among others, that " the plaintiff did not swear in her attachment affidavit, on which the summons of garnishment served on movant issued, that she had reason to apprehend the loss of said debt or some part thereof, unless summons of garnishment do issue, as is required by [law?] in such cases; therefore said judgment rendered against movant is void and of no effect." All of the other grounds were expressly overruled, but this ground was sustained. The plaintiff in the judgment excepts. *Held:*

1. The garnishment having issued upon an attachment, even if the affidavit was not a sufficient compliance with sections 5094 and 5304 of the Civil Code (1910), the omission from the affidavit of the averment that the plaintiff apprehended loss unless process of garnishment should issue (Civil Code, § 5268) was amendable and was cured by the judgment.

2. The exceptional requirement of section 5304, in regard to the garnishment of administrators, that the creditor swear, " in addition to the oath required in ordinary cases, that his debtor resides without the State or is insolvent," having been complied with by the averment of the defendants' insolvency, the fact that the garnishee is an administrator becomes immaterial. Consequently, the rulings of *National Lumber Co.* v. *Turner*, 2 *Ga. App.* 750 (4) (59 S. E. 15), *Stovall* v. *Joiner*, 10 *Ga. App.* 204 (73 S. E. 22), *Gammage* v. *Perry*, 29 *Ga. App.* 427 (10) (11), (12) (116 S. E. 126), *Brown* v. *Wiley*, 107 *Ga.* 87 (1) (32 S. E. 905), and *Harris* v. *Kittle*, 119 *Ga.* 29 (3) (45 S. E. 729), relating to the conditions upon which garnishments against administrators may issue, have no peculiar applicability to the question here involved; but the case falls under the ordinary rules which would be applicable if the garnishee were not an administrator. So viewing it, whatever defect, if any, existed in the affidavit, was cured by the judgment, and was not thereafter a good reason for setting the judgment aside. See Civil Code (1910), §§ 5706, 5691, 5957, 5959, 5960; *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235 (2) (58 S. E. 128) ; *Southern Ry. Co.* v. *Morrison*, 8 *Ga. App.* 647 (1) (70 S. E. 91) ; *Brooks* v. *Hardwick*, 27 *Ga. App.* 762 (1 *a*) (110 S. E. 41) ; *McDonald* v. *Kimball Co.*, 144 *Ga.* 106 (2) (86 S. E. 234) ; *Wingate* v. *Gornto*, 147 *Ga.* 192 (1) (93 S. E. 206) ; *Sloan* v. *Smith*, 29 *Ga. App.* 591 (2) (116 S. E. 200), and cases therein cited. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

29

Motion to set aside judgment; from Gordon superior court —
Judge Tarver.  September 23, 1922.

*M. B. Eubanks, A. L. Henson,* for plaintiff in error.

*J. G. B. Erwin, F. A. Cantrell,* contra.