14726, 14802.   ASHCRAFT-WILKINSON Co. *v.* FIRST NATIONAL BANK OF MADISON *et al.*; and *vice versa.*

STEPHENS, J.   1.   An affidavit for garnishment against an administrator, which omits the allegation that the defendant is insolvent, or is a non-resident, as required by the Civil Code (1910), § 5304, in such proceedings, is amendable, under section 5706 of the Civil Code (1910). *Stovall* v. *Joiner,* 10 *Ga. App.* 204 (73 S. E. 22).

2. Where another person, having issued summons of garnishment against the same garnishee, arising out of a suit pending by him against the same defendant, returnable to the same term of court, dismisses his suit, together with the garnishment proceedings, and takes from the defendant an assignment of the fund sought to be garnished, thus attempting to defeat the garnishment instituted by the first plaintiff and thereby obtain a greater amount than the second plaintiff would have obtained by a participation in the fund brought into court by virtue of the first garnishment, such second plaintiff, although he had by a dismissal of his garnishment forfeited his right to participate in a distribution of the fund, cannot be held to have acted to his injury, and the first plaintiff is therefore not estopped from amending his affidavit for garnishment.

45

*Stovall* v. *Joiner*, supra. Having given up a small advantage in an effort to obtain a better one, the second plaintiff cannot in equity and good conscience claim to have been placed at a disadvantage by an amendment to the original affidavit of the first plaintiff, allowed and filed, curing the original defect and supplying the necessary allegations as to the insolvency of the defendant.

3. The first plaintiff having amended his affidavit for garnishment as above indicated, and having by service of a summons of garnishment caught funds in the hands of the garnishee executors belonging to the defendant, subject to the assignment of the funds by the defendant to the second plaintiff, who, after having dismissed his garnishment, had interposed a claim to the fund, and the latter, as claimant, carrying the burden of proof, not having offered evidence to show that the assignment of the funds to him antedated the date of the service of the summons of garnishment, the trial judge erred in awarding the funds to the claimant.

4. The court erred in awarding attorney's fees to the garnishee, and also to the plaintiff, out of the funds.

*Judgment reversed on both bills of exceptions. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1924.

Claim; from city court of Madison— Judge Lambert. May 5, 1923.

Application for certiorari was made to the Supreme Court.

*Walter Merritt,* for plaintiff.

*Williford & Duke,* contra.