SHIRLEY *vs.* PRICE *et al.*

1. An appeal thus entered upon the minutes of the Justice's Court is sufficient: "I stand security on the appeal of the above stated case," the case being stated and the name of the party signed thereto.

2. It is proper, if not positively required by the true construction of the Act of 1811, that parties in the Justice's Court should testify orally when proving their accounts by their own oaths, and be subject to cross-examination by their adversary.

*Certiorari*, in Habersham Superior Court. Decision by Judge HUTCHINS, at October Term, 1859.

This was a *certiorari* sued out by W. C. and A. Price, to correct certain errors alleged to have been committed in a Justice Court, in a cause therein pending by petitioners for *certiorari*, against John Shirley. Plaintiff's action was brought on a note, and Shirley pleaded a set-off.

Upon the first trial before the Justice, there was a judgment for the plaintiff; whereupon, defendant appealed.

The first error alleged to have been committed by the Justice Court, was the refusal, upon motion, to dismiss the appeal, upon the ground that appellant had not given the bond and security required by law. There was simply an entry on the minutes that the defendant had paid the cost, and the following: "I stand security on the appeal of the above stated case." (Signed) "BEVERLY SHIRLEY."

The second error complained of was, that after defendant had proven his set-off by his own oath or affidavit, plaintiffs were not allowed to cross-examine him. The Justices, in their answer to the *certiorari*, on this part of the case, say: "that about the time the argument closed, plaintiffs' attorney objected to defendant's affidavit, on the ground that he had not been turned over to him for cross-examination," and they overruled the objection on the ground that it came too late.

Upon hearing said *certiorari*, the presiding Judge of the Superior Court (Hutchins) sustained the same, and set aside the verdict in the Justice Court, on both the grounds taken in the petition for *certiorari*, to-wit: that no bond was taken and security given by the appellant, as required by law in cases of appeal, and that plaintiffs were not allowed to cross-examine defendant.

To which decision counsel for Shirley excepted.

C. H. SUTTON, for plaintiff in error.

WILLIAM T. CRANE, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It is unnecessary to repeat what has been frequently decided by this Court, that it is only necessary for the security, and not the party, to sign the appeal. Neither is there a bond required by the statute.

Here Beverly Shirley enters into a recognizance upon the minutes of the Court, as follows: "I stand security on the appeal of the above stated case," his name being signed thereto, which is to this effect: I stand security for the eventual costs and condemnation money in the above case. Had the suit terminated against the defendant instead of his favor, can any one doubt but that Shirley would have been held liable? For myself, I am clear that the Justices of the Peace were right in refusing to dismiss the appeal. If it had been adjudged to have been defectively entered, there can be no doubt but that it was amendable.

As to the other point in the case, our opinion is, that the better practice would be, under the Act of 1811, to require the party in the Justices' Court to make the preliminary oath in writing, that he or she has no other evidence whereby to establish their account, except by their own oath; and then to testify orally like any other witness, and be subject to cross-examination at the instance of their adversary. It will better subserve the ends of justice. Indeed, we are satisfied that it is the true construction of the statute.

The Act passed in 1827, in favor of non-resident plaintiffs, favors this interpretation: It recites, that the practice pursued in Justices' Courts of requiring open accounts to be proven in open Court, in order to make them evidence, is, in case of non-resident plaintiffs, highly inconvenient; and hence, it provides that where the debtor has removed to another county, that the account may be proven by a *written affidavit* authorized to administer on oath; and when so proven, shall be received in evidence upon the trial of the

suit, as though the same had been proven in *open Court.* (*Cobb,* 649.)

But the difficulty here is, not so much that the objection of the plaintiff to the mode in which the defendants' set-off was proved, come too late—being at the close of the argument—but as it is stated in the return of the magistrates, there is nothing practical in it. In other words, it has no point. "About the time the argument closed," says the Justices, "plaintiff's attorney objected to the defendants' affidavit, on the ground that he had not been turned over to him for cross-examination." He made no objection to the affidavit when read. He did not apply to cross-examine the party either at the proper time, or even when this eleventh hour complaint was made. What error was there committed by the Court to which any exception was taken? Had application been made, even at that late stage of the case, to cross-interrogate the defendant, there is nothing from which we may infer that the permission would not have been allowed.

We think, therefore, that the Court below erred in sustaining the *certiorari,* and that the judgment in the Justices' Court should stand.