## BENSON v. SHINES.

1. Where a mechanic institutes proceedings to foreclose his lien on realty and prays process against the contractor and not against the owner, and where the contractor only is served with copy of such petition and process, yet, if the owner appears on the trial of the case, demurs to plaintiff's action and pleads to the merits thereof, the owner becomes a codefendant with the contractor and is bound by a judgment foreclosing the lien upon his property.

2. In such a case there is no error in dismissing an appeal entered to the superior court by the contractor, when the only security appearing on the appeal bond of the contractor is his codefendant in the case. The appeal is a nullity; and there is no error in refusing to allow appellant to amend the bond by giving security.

Submitted March 27,— Decided April 25, 1899.

Appeal. Before Judge Butt. Marion superior court. August 23, 1898.

*Simeon Blue,* by *J. A. Noyes,* for plaintiff in error.

SIMMONS, C. J. McCrory employed Benson to repair a house. Benson employed Shines to do the plastering. Shines recorded his lien, and brought suit in the county court to foreclose it against Benson and prayed a judgment against Benson and a special judgment against the property. McCrory was not made a party to the suit by the petition, nor was process prayed against him. He appeared, however, in the county court and demurred to the petition, and, his demurrer being overruled, filed a plea to the merits. The county judge awarded judgment against Benson, the contractor, and a special lien upon the property of McCrory for the amount due Shines.

1. While McCrory was not made a party in the petition and while process was not prayed against him, and while there was no order taken in the county court to make him a party, we think his appearance in the court by filing a demurrer and a plea to the merits and introducing testimony thereunder made him a party to the action and he was bound by the judgment against his property. A person who is interested in the result of litigation may voluntarily make himself a party thereto by appearing and pleading, although he is not mentioned as a party in the petition, which prays no process against him.

See 2 Black, Judg. § 534; Hukm Chand, Res. Jud. § 71; *Brown* v. *Chaney*, 1 *Kelly*, 412.

2. From the judgment of the county court Benson sought to enter an appeal to the superior court, McCrory being the only security upon the appeal bond. Shines moved to dismiss the appeal, and the judge of the superior court granted the motion and dismissed the appeal, refusing to allow the appellant to amend the bond by giving additional security. We think that the court rightly refused to allow the appellant to give additional surety and rightly dismissed the appeal. In cases of appeal there must be a bond with security, and one already bound by the judgment gives no additional guaranty or security to the appellee. This bond was therefore without security, was a nullity, and could not be amended by giving security. *Osborne* v. *Hughes*, 93 *Ga.* 445; *Eufaula etc. Co.* v. *Plant*, 36 *Ga.* 623; *Gordon* v. *Robertson*, 26 *Ga.* 410.

> *Judgment affirmed. All the Justices concurring.*