---

## CHAPPLE *v.* TUCKER.

It is not essential to the validity of an appeal that the judge or justice in whose court the case was originally tried should affirmatively approve the appeal bond; for in case of its insufficiency the appellee may, because thereof, move in the appellate court to dismiss the appeal, and the motion, if well founded, will be granted unless the bond is by amendment made good.

Submitted March 13, — Decided April 7, 1900.

Appeal.    Before Judge Reese.    Hancock superior court. August term, 1899.

*R. H. Lewis,* for plaintiff in error.
*Hunt & Merritt,* contra.

Cobb, J. Tucker sued Chapple in the county court, and obtained a judgment. Chapple entered an appeal to the superior court, giving a bond in which it was recited that S. D. Hight, whose name was signed to the bond, was security. The name of James H. Roger was also signed to the bond as security. When the case was called in the superior court the plaintiff moved to dismiss the appeal, "because the name of the only one of the sureties signing the appeal bond whose name appeared in the body of the bond was security on the replevy bond, and because the appeal bond was not dated, attested, nor approved by the judge of the county court from whose decision the appeal was taken." The judge sustained the motion, and the appellant excepted.

It does not appear that S. D. Hight, the security on the replevy bond, was the same person who was the security on the appeal bond, but even if this is true, as the name of another security appears on the appeal bond, the fact that Hight signed the same as security would not affect its validity. It is not necessary that the name of the security should appear in the body of the bond, as signing the bond would be sufficient (Political Code, § 4, par. 7), and in the absence of proof to the contrary the conclusive presumption would be that he signed it at the time he was lawfully authorized to do so, that is, before the same was filed with the officer empowered to accept it.

While the appeal bond was not dated, it appears from the record that it was filed in the office of the clerk of the superior court on the very day that the judgment appealed from was rendered. This is at least prima facie evidence that it was executed on that day.

The remaining question is. whether, when an appeal is entered from a judgment of a county court, the appeal bond must be attested and approved by the judge of that court. · Appeals from the county court are entered under the same rules and regulations as those provided for appeals in the code. Civil Code, § 4214. The appellant, previously to obtaining an appeal, is required to pay all costs which may have accrued "and give bond and security for the eventual condemnation-money." Civil Code, § 4458. There is nothing in the statute which requires

that the magistrate or judge whose decision is the subject-matter of the appeal shall attest or approve the bond. In the case of *National Furniture Company* v. *Edwards,* 105 *Ga.* 240, Mr. Justice Lewis uses this language: "We know of no law which requires the approval of an appeal bond by the magistrate. If the security given by the appellant is insufficient, the appellee has his remedy under section 5123 of the Civil Code; and that remedy is not the dismissal of the appeal without allowing the appellant an opportunity to offer an amendment and give new security. Even if it were the duty of the magistrate to make upon the appeal bond a formal entry of approval, we do not think the failure to perform such a ministerial act should work any injury to the appellant, if he has complied with all the law required of him in paying costs and filing his bond within the time provided by the statute." If the security on the appeal bond is insufficient, the appellee has his remedy under common-law rule 1 (Civil Code, § 5632), which provides that exceptions to the security on appeal may be taken in the superior court, and if such exceptions are sustained good security shall be given or the appeal dismissed. If no security at all is given, the appeal will be dismissed, and no opportunity will be given the appellant in the superior court to give security on a bond which when filed had none; and this applies where the want of security results from the fact that the person signing as security had no lawful right to do so. In such a case the bond is a nullity. *Benson* v. *Shines,* 107 *Ga.* 406. There is nothing in the ruling now made to conflict with the decision rendered in the case of *Hamilton* v. *Insurance Company,* 107 *Ga.* 728, in which it was held that a certiorari bond must be approved by the judge or justice who tried the case. That decision is based upon that provision of the Civil Code which provides that the judge or justice whose decision is the subject-matter of the petition for certiorari may require the surety tendered by the plaintiff in certiorari to justify upon oath as to his solvency, thus impliedly requiring that the security should be satisfactory to such judge or justice. There is no such provision in the law of appeals.

> *Judgment reversed. All the Justices concurring.*