NAPIER BROTHERS *v.* WOODALL.

TURNER, J. 1. Where an execution issues from a justice court for less than fifty dollars, and is levied on property worth more than fifty dollars, either party to a claim case growing out of such levy may appeal to the superior court. Acts of 1874, p. 85 ; *Turman* v. *Cargill,* 54 *Ga.* 663 ; *Padgett* v. *Ford,* 117 *Ga.* 508.

2. Where such a claim is entered, the surety on the forthcoming bond and on the damage bond in the claim case can not be the surety on the appeal bond. Under former decisions of this court, the plaintiff in such a case is entitled to have new and additional security. *Gordon* v. *Robertson,* 26 *Ga.* 410 ; *Eufaula Home Ins. Co.* v. *Plant,* 36 *Ga.* 623 ; *Osborne* v. *Hughes,* 93 *Ga.* 445 ; *Benson* v. *Shines,* 107 *Ga.* 406 ; *Harvely* v. *Daly,* 112 *Ga.* 822.

*Judgment reversed. All the Justices concur.*

Argued October 9, — Decided October 30, 1903.

Levy and claim.     Before Judge Felton.     Bibb superior court. April 20, 1903.

A justice's court execution in favor of Napier Brothers, for less than $50, was levied on property to which Woodall interposed a claim. There was an appeal to the superior court by the claimant. Davis was surety on the claim bond, on a forthcoming bond given by the claimant, and on the appeal bond. When the case was called in the superior court the plaintiffs moved to dismiss the appeal, (1) because the amount involved, as shown by the claim bond, the forthcoming bond, and the fi. fa., was less than $50, and (2) because the surety on the appeal bond was the same person who had signed the claim bond and the forthcoming bond as surety. The motion was overruled. It appeared from the evidence at the trial that the property levied on was worth $300. The trial resulted in a verdict that the property was not subject. The plaintiffs excepted to the overruling of the motion to dismiss.

*E. P. Johnston* and *Hardeman, Davis, Turner & Jones,* for plaintiffs. *Hardeman & Moore,* contra.