## McMURRIA *v.* POWELL BROTHERS & CHASON.

COBB, J. 1. A security on an appeal bond in a claim case, where the claimant is the appellant, is liable, not only for the costs and any damages that might be assessed for a frivolous appeal, but also for any damages that might be assessed against the claimant in the event it is determined that the claim was interposed for delay only ; and it therefore follows that if the sole security on the appeal bond is the same person as the security on the claim bond, the plaintiff in execution has, by the giving of the appeal bond, obtained no additional security. See *Napier* v. *Woodall*, 118 *Ga.* 830 (2), and cit.

2. In such a case the appeal is a nullity, and objection may be raised to it at any time. Common-law rule 1 (Civil Code, § 5632), which has reference to exceptions to the security on appeal, does not apply to such cases, but only to cases where the security is lawful but merely inadequate. *Benson* v. *Shines*, 107 *Ga.* 406, and cit. ; *Chapple* v. *Tucker*, 110 *Ga.* 469 ; *Harvely* v. *Daly*, 112 *Ga.* 822. *Judgment reversed. All the Justices concur.*

Submitted June 22, — Decided July 19, 1904.

Appeal. Before Judge Spence. Decatur superior court. November 10, 1903.

*Russell & Fleming*, for plaintiff. *M. E. O'Neal*, for defendant.