## WOODLIFF *v.* BLOODWORTH.

1. Where a party has given any statutory bond with security for the payment of the eventual condemnation-money, or to produce the property sued for or levied on, and a judgment adverse to the principal in such a bond has been rendered, the security therein can not be surety on a new bond required in a proceeding seeking a reversal.

2. In such a case not only has the surety obligated himself to the opposite party, but the judgment against his principal binds the surety. The appeal or certiorari is as much for his interest as for that of his principal, and he could no more be surety for himself than the principal could be surety on such second bond.

3. So, if a damage bond is given in a claim case, and a judgment is rendered finding the property subject, and awarding damages on the ground that the claim was interposed for delay only, the surety on the claim bond can not be security on a bond given in a certiorari or appeal from such judgment.

4. But where such damage bond is given, and the verdict finds the property subject, but there is no finding that the claim was interposed for delay, the effect thereof, for the time, is to relieve the surety from liability under the bond; and not then being in any way bound to the plaintiff, he may be security on a certiorari bond given by the claimant.

5. If the certiorari is sustained, there is a discharge from liability under the certiorari bond. The obligation on the damage bond is thereby revived. But in such case the surety can never be liable, as in case of appeals, on both bonds.

Submitted November 14, — Decided December 12, 1904.

Certiorari.　Before Judge Gober.　Forsyth superior court. April 6, 1904.

An attachment in favor of Bloodworth against Blackstone was levied upon certain personal property as the property of Blackstone. Woodliff interposed a claim, giving Puett as security on the damage bond. The jury on appeal found the property subject, but awarded no damages against the claimant or his surety on the damage bond. The claimant applied for a writ of certiorari, and gave Puett as the sole security on the bond in the certiorari proceeding. Bloodworth moved to dismiss the certiorari, on the ground that the security upon the certiorari bond was the same security that Woodliff had previously given upon the damage bond in the claim case. The court sustained the motion, and Woodliff excepted.

*Brooke & Henderson* and *J. K. Hines*, for plaintiff in error.
*H. L. Patterson*, contra.

LAMAR, J. (After stating the foregoing facts.) Where a party has given a statutory bond with security for the payment of the eventual condemnation-money, or to produce property sued for or levied on, or to pay damages in case he fails to recover, and a judgment adverse to the principal has been rendered, the security on such bond can not be surety on a new bond required in pro-

ceedings seeking to secure a reversal. In some cases the effect of this judgment is to entitle the opposite party to a concurrent judgment against the surety, and in others it to a certain extent binds the sureties when suit is thereafter brought on the bond. The appeal or certiorari, or other similar proceeding to reverse the judgment, is for his benefit as well as that of the original principal. The surety is bound by the existing judgment. In many cases it is against him and has created a lien against all of his property. The obligation to pay the eventual condemnation-money or to produce the property is still of force and will be made effective by a judgment against his principal in the appeal or certiorari. If, therefore, the security thus completely bound or liable to be completely bound puts his name to the new bond, the opposite party gets no new security for the ultimate payment of the debt or production of the property. To secure the appeal, or the right to except to the judgment rendered, the law requires that some additional security shall be given to the successful party. This provision must be complied with, regardless of the solvency of those thus already bound. The millionaire must give a bond in order to secure an appeal from a case involving less than $100. A millionaire surety bound by such original judgment must in effect likewise give additional security when that judgment is sought to be reversed by proceedings instituted in the name of the principal. *Eufaula Co.* v. *Plant*, 36 *Ga.* 624; *Stewart* v. *Hall*, 106 *Ga.* 176. See also *Napier* v. *Woodall*, 118 *Ga.* 830, where the surety had signed not only the claim bond but also the forthcoming bond. It was held that such surety could not be surety on an appeal bond. The defendant in error relies on these decisions. But the principle on which they were put does not sustain his contention. In each of them the surety was already bound to produce the property or to satisfy any money judgment which might be obtained by the plaintiff. This liability continued throughout the entire litigation, and was not suspended by appeal or bill of exceptions or writ of certiorari. So, too, the damage bond given in attachments and garnishments is a continuing liability to the opposite party. As an appeal is an investigation de novo, in which the jury might award damages, the security on this damage bond could not have made himself liable on the appeal bond, and thus be bound in two capacities at the

same time to the plaintiff.    But the claim bond is peculiar.   It creates a special and limited obligation differing widely from that arising from forthcoming, garnishment, attachment, appeal, or certiorari bonds.   It is not an undertaking to pay the opposite party in case of failure to recover, nor is it an undertaking to produce property, or to pay, in whole or part, the eventual condemnation-money, but merely to be liable for damages not to exceed a certain amount in the event it is found that the claim is interposed for delay only.    Here the verdict of the jury had discharged the surety from this liability.    It was not legally possible that the judgment on the certiorari could award these damages.    If the certiorari was sustained, of course there would be an end of responsibility on the certiorari bond.    If it was overruled, the surety, having been already exonerated, would not be liable for damages for delay in the claim case, but only liable on the certiorari bond.    In no event could he be liable both on the certiorari bond and the damage bond; though in case the certiorari was sustained and the case remanded for a new trial, responsibility on the damage bond might be revived, and liability thereunder enforced, if on the second hearing a verdict should be found that the claim had been interposed for delay only.    But when the certiorari bond here was signed, the surety was not then liable on the damage bond, and was therefore in a position to sign the bond given in the certiorari proceeding.

*Judgment reversed.    All the Justices concur.*