### 1938.   HINES v. INTERNATIONAL HARVESTER CO.

Where the surety on a bond for a purchase-money attachment in a justice's court is the sole surety on the appeal bond given by the plaintiff in the attachment case, the appeal bond is a nullity; and it can not be amended at the hearing of the appeal by the addition or substitution of an other surety.

Appeal; from Fulton superior court—Judge Ellis.   April 16, 1909.

Argued July 19, 1909.—Decided February 10, 1910.

*Hines & Jordan,* for plaintiff in error.

*T. O. Hathcock,* contra.

RUSSELL, J.　The International Harvester Company of America sued out a purchase-money attachment in a justice's court against Hines, and subsequently appealed the case to a jury in the superior court.　The surety on the bond to secure the attachment was the same as the surety on the appeal bond.　Hines moved to dismiss the appeal on this ground; whereupon the judge of the superior court allowed the bond to be amended by the addition of another surety.　Hines, in a writ of error to this court, complains of this action.

In the case of *Fisher* v. *Pearson*, 1 *Ga. App.* 517 (57 S. E. 1018), it was held that where, on an attachment served by process of garnishment, judgment has been rendered against the defendant and the garnishee, and the defendant appeals, and the garnishee is sole surety on the appeal bond, the bond is a nullity and the appeal is properly dismissed.　The decision in that case was based on a line of decisions by the Supreme Court, beginning with *Gordy* v. *Robertson*, 26 *Ga.* 410, and ending with *McMurria* v. *Powell*, 120 *Ga.* 766 (48 S. E. 354), laying down the principle that where a surety is bound by the judgment against his principal, he can not become surety on an appeal therefrom by the principal.　Counsel for the defendant in error attempt to distinguish the case at bar from that line of cases, on the theory that a surety on the attachment bond is bound to pay the defendant "all damages he may sustain and all cost incurred by him in consequence of suing out the attachment, in the event the plaintiff fails to recover in said case;" whereas the surety on the appeal bond is liable for the eventual condemnation-money, and, since the liabilities in the two bonds are different, there is no reason why the same surety should not appear on both bonds.　An examination of the cases cited above and the citations appearing therein will show that this distinction has been rejected by the Supreme Court; the broad principle being laid down that where the surety is affected by the judgment against his principal, he can not become surety on a bond given to reverse that judgment.　Thus the surety on a forthcoming bond in a claim case is liable not for the eventual condemnation-money, but for the production of the property levied on at the time and place of sale; and such a surety can not become sole surety on a certiorari bond in a proceeding to reverse the judgment finding the property subject.　*Woodliff* v. *Bloodworth*, 121

*Ga.* 457 (49 S. E. 289). In that case the Supreme Court says: "Where a party has given a statutory bond with security for the payment of the eventual condemnation-money, or to produce the property sued for or levied on, *or to pay damages in case he fails to recover,* and a judgment adverse to the principal has been rendered, the security on such bond can not be surety on a new bond required in proceedings seeking to secure a reversal."

It is further argued that in the instant case no judgment was rendered adverse to the principal in the attachment case at the trial in the justice's court, a judgment being rendered in his favor, but for an amount so small that he was dissatisfied and appealed; and that this being so, the attachment bond was functus officio, inasmuch as it was conditioned to pay damages and cost only in the event "the plaintiff failed to recover in said case." It does not appear from the record which party was victorious in the justice's court. In our opinion, however, this is immaterial. The appeal was a de novo investigation. If judgment were rendered on the appeal against the plaintiff, the surety on the original attachment bond would be liable for damages and costs. In other words, the liability of the surety in the attachment bond continues until the appeal has been finally decided in favor of his principal.                                        *Judgment reversed.*