### 4223. McKINNEY *v.* TAYLOR.

HILL, C. J. 1. Where a lien had been foreclosed and personal property levied upon, and a claim interposed, and the property left by the levying officer in the possession of the defendant upon the giving of a forthcoming bond, and subsequently the claimant appealed from an adverse judgment to the superior court, and the surety on the appeal bond was also the surety on the forthcoming bond, there was no error in dismissing the appeal, on the ground that no sufficient appeal bond had been given. One who is surety on a forthcoming bond in a claim case can not be surety on an appeal bond entered by the claimant; for in such case the plaintiff in execution would not, by the giving of ·the appeal bond, obtain additional security. The case is fully controlled by the decisions in *Woodliff* v. *Bloodworth,* 121 *Ga.* 456 (49 S. E. 289), and *Hines* v. *International Harvester Co.,* 7 *Ga. App.* 364 (66 S. E. 989).

2. While the levying officer is the obligee in the forthcoming bond, and primarily the bond is given for his protection in leaving in the possession of the claimant or of the defendant the property levied upon, yet the forthcoming bond furnishes additional security for the protection of the plaintiff in execution.                    *Judgment affirmed.*

DECIDED SEPTEMBER 17, 1912.

Appeal; from Whitfield superior court—Judge Fite. April 11, 1912.

*Maddox, McCamy & Shumate,* for plaintiff in error.
*W. E. Mann, M. C. Tarver,* contra.