## 7413. McEachern v. Clark.

Broyles, J. 1. "As the surety on a replevy bond given by the defendant in a distress warrant is liable for the condemnation money by reason of his suretyship on that bond, he can not become surety on an appeal taken by the defendant to the superior court from the judgment rendered against him in the justice's court. An appeal so entered is a nullity and should be dismissed by the superior court on motion." *Osborne* v. *Hughes*, 93 *Ga.* 445 (21 S. E. 65); *Eufaula Home Insurance Co.* v. *Plant*, 36 *Ga.* 624; *Benson* v. *Shines*, 107 *Ga.* 406 (2), 407 (33 S. E. 439); *Harvely* v. *Daly*, 112 *Ga.* 822 (38 S. E. 41); *Napier* v. *Woodall*, 118 *Ga.* 830 (45 S. E. 684); *McMurria* v. *Powell*, 120 *Ga.* 766 (48 S. E. 354); *Levin* v. *American Furniture Co.*, 133 *Ga.* 674 (66 S. E. 888).

(a) Such an appeal being a nullity, it can not be amended in the superior court by the addition or substitution of another security. *Hines* v. *International Harvester Co.*, 7 *Ga. App.* 364 (66 S. E. 989); *Harvely* v. *Daly*, supra; *McMurria* v. *Powell*, supra; *Benson* v. *Shines*, supra.

2. Section 5707 of the Civil Code (1910), which provides that an appeal bond may be amended, and new security given if necessary, refers only to cases where the security is lawful but merely inadequate. *McMurria* v. *Powell*, supra, and cases therein cited.

3. Under the foregoing rulings, the judge of the superior court did not err in disallowing the proposed amendment, by which the appellant sought to add another person as security on the appeal bond, and in dismissing the appeal.

4. It appearing that this writ of error was sued out for delay only, the motion of counsel for the defendant in error that ten per cent. damages be awarded him is granted. *Judgment affirmed, with damages.*

Decided October 18, 1916.

Appeal; from Fayette superior court—Judge Searcy. March 23, 1916.

*W. B. Hollingsworth,* for plaintiff in error.

*J. W. Culpepper,* contra.