<em>J. Z. Foster,</em> for plaintiff in error, cited 137 <em>Ga.</em> 355 (<em>b</em>), 357.

<em>Clay & Blair,</em> contra, cited: 20 <em>Ga. App.</em> 221 (3); 113 <em>Ga.</em> 289 (3); 140 <em>Ga.</em> 306; Civil Code (1910), § 3591.

---

11541. WHITSON <em>v.</em> McNUTT & COMPANY.

1. By the express terms of the Civil Code (1910), §§ 4740, 5003, 5010, a plaintiff, as well as a defendant, is in all cases required, as a prerequisite to his appeal to a jury in a justice's court, to give bond and security for the eventual condemnation money, except where the appeal is taken by consent, or entered in forma pauperis.

2. The code provisions referred to above were not complied with by an instrument in form as follows: "McNutt & Company <em>vs.</em> I. C. Whitson. In 1038th J. P. Court, November Term, 1919. Now comes the plaintiff in the above-stated case, and, being dissatisfied with the judgment of the court, and within the time allowed by law, appeals the same to a jury in the justice court, having paid all costs. This November 15, 1919. [Signed] W. B. McNutt & Company, by Martin G. Smith, Attorney. [Signed] G. W. Gearrin, Security."

3. Irrespective of whether or not, under section 5707 of the Civil Code (1910), such an instrument could be perfected by amendment actually offered for that purpose, since it affirmatively appears from the record before us that no such " amendment was offered in terms of the law,"

the appeal was and remained a nullity, and the certiorari should have been overruled. This is true notwithstanding it appears that when the motion to dismiss the appeal was made before the justice, the plaintiff insisted, without offering any amendment, that " he had a right to amend so as to make the appeal comply with the statute."

DECIDED FEBRUARY 15, 1921.

Certiorari; from Dade superior court — Judge Tarver. March 18, 1920.

*McClure, Hale & McClure,* for plaintiff in error.

*Martin G. Smith, James H. Anderson,* contra.

JENKINS, P. J.   We think that the reasoning in *Cook* v. *King, T. U. P. Charlton,* 265, that a plaintiff is not required to give bond because his security to the defendant would be " nugatory, and, if nugatory, the law did not require it," is unsound, and that in the instant case the learned judge of the superior court was correct in what seems to have been his view that such a bond was required. Among other reasons why the requirement of bond and security from a plaintiff might be necessary for the protection of the defendant, it might be suggested that if the defendant obtain a verdict after plaintiff's appeal, the defendant must pay the compensation of the jurors, which is taxed as costs against the plaintiff; so that the defendant is directly concerned in security for the recovery of this item of future costs, for which, if finally successful, he may provide in his judgment. Again, should the defendant file a plea of set-off or recoupment, and recover on appeal a verdict against the plaintiff, the plaintiff's bond could be even more essential.

In some of the decisions our courts have gone far indeed in allowing the perfection by amendment of all sorts of instruments into appellate bonds. *Hooks* v. *Stamper,* 18 *Ga.* 471; *Hill* v. *Hudspeth,* 22 *Ga.* 621; *Shirley* v. *Prince,* 30 *Ga.* 328; *Gittens* v. *Whelchel,* 12 *Ga. App.* 141 (76 S. E. 1051); *Sherman* v. *Morris,* 17 *Ga. App.* 446 (87 S. E. 709). In the instant case the instrument imposes no obligation whatever on the security so as to render the instrument a valid bond. None of the decisions seem to go so far as to hold amendable an instrument which is a mere nullity; it is held that it cannot be amended. *Benson* v. *Shines,* 107 *Ga.* 406 (33 S. E. 439); *McMurria* v. *Powell,* 120 *Ga.* 766 (48 S. E. 354); *Harvely* v. *Daly,* 112 *Ga.* 822 (38 S. E. 41);

*Chapple* v. *Tucker,* 110 *Ga.* 467, 469 (35 S. E. 643); *Roberts* v. *Napier,* 126 *Ga.* 693 (55 S. E. 914).

But we are reluctant, in view of the authorities allowing amendments, to hold that the court below was in error in holding amendable the particular instrument in question. The difficulty involved in such a decision seems to be avoided here, for the reason that when the defendant moved to dismiss the appeal, for want of a valid bond, no tender of any amendment such as would make the instrument valid was made. We do not think that then and there insisting that such right of amendment existed was equivalent to the exercise of such a right. This court cannot know what amendment would have been offered, or whether, if any had been in fact offered, it would have complied with the terms of the statute. In the absence of such tender of a proper bond or amendment, the appeal was and remained a nullity, and we think the certiorari should have been overruled.

*Judgment reversed. Stephens and Hill, JJ., concur.*