17818. LAFFERTY LUMBER COMPANY *v.* THOMAS.

STEPHENS, J. 1. The replevy bond provided for in cases of attachment by section 5113 of the Civil Code of 1910, obligating the defendant "to pay the plaintiff the amount of the judgment and costs" that the plaintiff may recover, is required only after the levy of the attachment, and not after judgment on the attachment against the property.
2. Where an attachment has been issued, returnable before a justice of the peace, and levied upon personal property, and judgment for the plaintiff, in default, has been rendered, and the defendant in attachment, within the statutory period after judgment, enters an appeal to a jury

Attachment, 6 C. J. p. 329, n. 25; p. 330, n. 26.
Justices of the Peace, 35 C. J. p. 655, n. 15, 19.

in the justice's court by giving the statutory appeal bond required under code-section 5003, and simultaneously therewith executes a replevy bond for the property as required under code-section 5113, the filing of the appeal bond operates to suspend the judgment and to present a de novo proceeding, and the replevy bond will be considered as taking effect only after the appeal is entered. It follows, therefore, that where both bonds are executed by the same person as surety, the appeal bond is not invalid and the appeal will not be dismissed upon the ground that the surety on the appeal bond had already become obligated and constituted no additional surety. See *Woodliff* v. *Bloodworth*, 121 *Ga.* 456 (49 S. E. 289).

3. The superior court therefore erred in sustaining the certiorari from the judgment refusing to dismiss the appeal.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 24, 1927.

Certiorari; from Richmond superior court—Judge A. L. Franklin. November 12, 1926.

*J. S. Watkins, James S. Bussey Jr., Henry G. Howard,* for plaintiff in error. *John J. Jones,* contra.