27691. MADDOX *v.* WALDROP, administrator.

DECIDED SEPTEMBER 29, 1939.

*Joel B. Mallet,* for plaintiff.

*W. E. Watkins, B. B. Garland, S. B. Wallace,* for defendant.

SUTTON, J. Kirby F. C. Maddox filed in the court of ordinary of Butts County a petition alleging that he was interested in the estate of Mrs. Emma B. Maddox, then being administered, being sole distributee thereof and being entitled to said estate by virtual adoption by the deceased as her child; and that W. E. Waldrop, administrator of said estate, was wasting and mismanaging the same. It was prayed that he be cited to answer said charge; and that upon the hearing his letters of administration be revoked; and that second original issue, directed to the sheriff of Spalding County, Georgia, wherein said administrator is domiciled, for personal service upon him. Citation issued, and the administrator was served. Without filing an answer, he entered a demurrer to the petition and a plea to the jurisdiction. The ordinary overruled the demurrer and plea, and after hearing evidence passed an order removing the administrator. The administrator filed an appeal to the superior court, giving bond, and the ordinary transmitted the appeal. In the superior court the appellee made a motion to dismiss the appeal, on the ground, among others, that no pauper affidavit had been filed in the place of a bond, and no legal bond had been given, in that the purported bond was a nullity, for the reason that it showed that it had been executed by Coleman Nichols as attorney in fact for Great American Indemnity Company as

surety, and was payable in the sum of $6000, whereas the power of attorney attached to the bond showed on its face that the purported attorney in fact did not have authority to execute such a bond, as it expressly excluded from the authority granted "bonds on appeal." The court overruled the motion to dismiss, sustained the demurrer, and, without hearing evidence, sustained the plea to the jurisdiction, and reversed and set aside the judgment of the court of ordinary. Error is assigned on the judgment overruling the motion to dismiss the appeal, as controlling and affecting the further progress and final result of the case, and on the sustaining of the demurrer and the plea to the jurisdiction, on the ground that neither was a legal termination of the case.

In the view we take of the case it is necessary to consider only the judgment overruling the motion to dismiss the appeal, in which judgment it must be said the court erred, and all proceedings thereafter were nugatory. The proceeding was a purported appeal from the court of ordinary, wherein the appellee successfully sought, under the Code, § 113-1229, to have revoked the letters of administration of the administrator, W. E. Waldrop. The bond which was filed in support of the appeal may be treated, without respect to any question of supersedeas, as an appeal bond, and its validity or invalidity determines the question whether or not the appeal was good. While the bond was approved by the ordinary, his act did not have the effect of preventing the appellee from asserting its insufficiency or invalidity. In *Chapple* v. *Tucker,* 110 *Ga.* 467 (35 S. E. 643), it was held: "It is not essential to the validity of an appeal that the judge or justice in whose court the case was originally tried should affirmatively approve the appeal bond; for in case of its insufficiency the appellee may, because thereof, move in the appellate court to dismiss the appeal, and the motion, if well founded, will be granted unless the bond is by amendment made good." In the opinion it was said: "If the security on the appeal bond is insufficient, the appellee has his remedy under common-law rule 1 (Civil Code, § 5632), which provides that exceptions to the security on appeal may be taken in the superior court, and if such exceptions are sustained good security shall be given or the appeal dismissed. If no security at all is given, the appeal will be dismissed, and no opportunity will be given the appellant in the superior court to give security on a bond which when filed had none;

and this applies where the want of security results from the fact that the person signing as security had no lawful right to do so. In such a case the bond is a nullity." As holding that a bond without security is a nullity, see *Benson* v. *Shines,* 107 *Ga.* 406 (33 S. E. 439); *Harvely* v. *Daly,* 112 *Ga.* 822 (38 S. E. 41); *Fisher* v. *Pearson,* 1 *Ga. App.* 517 (57 S. E. 1018). Where a bond is not a mere nullity but simply is deficient or irregular, the right of amendment is very broad, and if exercised will save the appeal from dismissal if otherwise good. The Code provides: "An appeal bond may be amended and new security given if necessary." § 6-106. "All bonds taken under requisition of law in the course of a judicial proceeding may be amended and new security given if necessary." § 81-1204. These two sections were taken from the Code of 1910, § 5707, as to which it was said in *Dillingham* v. *Eslinger,* 32 *Ga. App.* 36 (122 S. E. 627): "Section 5707 of the Civil Code (1910), which provides that an appeal bond may be amended, and new security given if necessary, refers only to cases where the security is lawful but merely inadequate." A rule of the superior court, codified as § 24-3301, declares: "Exceptions to the security on appeals must be taken before the trial of the case, or, if not tried at the first term, on or before the last day of the term of the appeal; and if such exceptions are sustained, other and good security shall be given, or the appeal shall be dismissed." In *McMurria* v. *Powell,* 120 *Ga.* 766 (2) (48 S. E. 354), it was held: "Common-law rule 1 (Civil Code, § 5632 [Code of 1933, § 24-3301]), which has reference to exceptions to the security on appeal, does not apply to such cases [absence of necessary security], but only to cases where the security is lawful but merely inadequate." In *Whitson* v. *McNutt,* 26 *Ga. App.* 281, 282 (105 S. E. 861), it was said: "In some of the decisions our courts have gone far indeed in allowing the perfection by amendment of all sorts of instruments into appellate bonds. *Hooks* v. *Stamper,* 18 *Ga.* 471; *Hill* v. *Hudspeth,* 22 *Ga.* 621; *Shirley* v. *Prince,* 30 *Ga.* 328; *Gittens* v. *Whelchel,* 12 *Ga. App.* 141 (76 S. E. 1051); *Sherman* v. *Morris,* 17 *Ga. App.* 446 (87 S. E. 709). In the instant case the instrument imposes no obligation whatever on the security so as to render the instrument a valid bond. None of the decisions seem to go so far as to hold amendable an instrument which is a mere nullity; it is held that it can not be amended." (Citing.)

Even if a right to amend existed in a given case, the defect or irregularity is not cured unless the right is in fact exercised. In the *Whitson* case, supra, it was said: "But we are reluctant, in view of the authorities allowing amendments, to hold that the court below was in error in holding amendable the particular instrument in question. The difficulty involved in such a decision seems to be avoided here, for the reason that when the defendant moved to dismiss the appeal, for want of a valid bond, no tender of any amendment such as would make the instrument valid was made. We do not think that then and there insisting that such right of amendment existed was equivalent to the exercise of such a right. This court can not know what amendment would have been offered, or whether, if any had been in fact offered, it would have complied with the terms of the statute. In the absence of such tender of a proper bond or amendment, the appeal was and remained a nullity, and we think the certiorari should have been overruled." Where the purported surety on a bond is a corporation, as is conceded in the present case, and its signature is made by one who purports to act as its attorney in fact, the appeal is subject to dismissal unless the bond is accompanied by a power of attorney showing the authority of the one purporting to act for the corporation in executing a bond. *Southern Express Co.* v. *Wheeler,* 72 *Ga.* 210; *Harwell* v. *Marshall,* 125 *Ga.* 451 (54 S. E. 93); *Anderson* v. *Southern Ry. Co.,* 9 *Ga. App.* 199 (70 S. E. 983); *Seaboard Air-Line Ry.* v. *Rosenbusch,* 12 *Ga. App.* 154 (76 S. E. 1041). "The reason why the power of attorney must accompany the bond, when the signature is affixed by an attorney in fact, is that the writing itself is the highest and best evidence of the scope of the agent's authority." *Anderson* v. *Southern Ry. Co.,* supra. It appears from the record that the power of attorney was duly attached to the bond here involved; but an examination of a copy of the instrument discloses that by its specific terms the purported attorney in fact had no authority to execute any bond in excess of the sum of $6000, where such bond was required "in suits, actions, and proceedings in any court of the State of Georgia," and the instrument provided that "the following kinds of court bonds are expressly excluded from the authority embodied in this section: . . bonds on appeal, supersedeas or stay of execution." It is thus manifest that the act of Coleman Nichols

in executing the bond, an appeal bond in the sum of $6000, purportedly as attorney in fact for Great American Indemnity Company, was without any authority, and was expressly prohibited by the power of attorney attached to the bond. Consequently the bond was without a surety or security, and, under the decisions hereinbefore cited, was a nullity and not merely a defective or insufficient instrument. The appeal was likewise a nullity for want of lawful security or surety. The court erred in overruling the motion to dismiss the appeal; and all proceedings thereafter were nugatory.

It is contended by the defendant in error that if the Great American Indemnity Company is not a surety in the bond in question, it is still a good bond, because Coleman Nichols is a surety therein. This view can not be upheld. Whether or not any right exists in favor of the defendant in error against Nichols in a tort action, it is clear that he did not by any apt words sign individually as a surety, but only as a purported attorney in fact for the Great American Indemnity Company, and is not liable on the theory of an individual contract. It is also insisted that by amendment it could have been shown that the Great American Indemnity Company ratified the act of Nichols. Even if the defendant in error had the right as appellant to amend the appeal in the superior court and show ratification, it is not disclosed by the record that any such attempt was made; and, under the authorities hereinbefore cited, this contention is without merit.

*Judgment reversed. Stephens, P. J., and Fellon, J., concur.*