SAMPLES, executor, *v.* SAMPLES *et al.*

No. 14199. JULY 15, 1942. REHEARING DENIED JULY 27, 1942.

384

*E. L. Fowler* and *O. C. Hancock,* for plaintiffs in error.
*Wheeler, Robinson & Thurmond* and *H. S. Brooks,* contra.

REID, Chief Justice. ■ A motion to dismiss the writ of error was presented, on the ground that Roy C. Samples was a party interested in sustaining the judgment of the court below, and that he was neither named nor served as a defendant in error. Code, § 6-1202.

Later the plaintiff in error offered in this court an amendment to the bill of exceptions, praying that Roy C. Samples be designated a party plaintiff in error, which amendment was agreed to in writing and verified by the proposed party.

In *Swift* v. *Thomas,* 101 *Ga.* 89, 91 (28 S. E. 618), this court held: "Where a will is offered for probate, and the persons named as heirs at law are notified of the proceeding, only those who ap-

pear and contest by caveat the probate of the will are authorized to complain of a judgment setting up the will, and where upon appeal a verdict is rendered in the superior court, in favor of the propounders, the right to prosecute a writ of error to this court is confined to those of the heirs at law who were the caveators to the probate of the will; and hence, where a writ of error is sued out in the name of one only of the heirs at law, who, though notified of the proceeding, did not caveat or participate in the subsequent proceeding, it will be dismissed in this court for the want of a proper party plaintiff in error." In the opinion the court (all the Justices except Cobb, J., disqualified) said through Atkinson, J.: "In response to the notice served upon her at the instance of the propounders of the will, Mrs. M. A. Swift filed no objections to its probate. She neither appeared in the court of ordinary to contest the right of the executors to have the paper proved as the last will and testament of the testator, nor did she take any part in the proceedings by which an appeal was entered from the judgment admitting this document to probate. Upon the trial in the superior court, she neither appeared nor was represented by counsel; therefore, she did not become, by any act of hers, or, so far the record discloses, by the act of any person authorized to speak or act for or on behalf of her, a party to the contest which culminated in a verdict that the will offered was the last will and testament of the testator, and to set aside which verdict the writ of error is prosecuted to this court in the present case. *The mere notice of an intention upon the part of the executors to offer for probate the will in question did not, of itself, make her a party either to that proceeding or to any other subsequent proceeding which might have sprung out of it.* It merely afforded to her the opportunity of becoming a party to this litigation. This she declined to do by failing to file a caveat, and thus passed out of the case as effectually as though she had never been introduced into it. *Having passed out as a formal party at that time, and taking no steps subsequently to introduce herself as a substantial party, no judgment was ever rendered in any of the subsequent proceedings of which she, as an individual, had a right to complain.* It is true that in the subsequent proceedings her name appears to have been used by some of the caveators who were engaged in resisting the probate of this will. By what authority, it does not appear. Certainly not

by authority of the law; for inasmuch as she was not a caveator, she had no authority to object, and no other person had the right to object for her or in her name. In so far then as her name may be relied upon to sustain this writ of error, we may treat it as entirely without support." (Italics supplied.) In the present case, as far as the record discloses, all that Roy C. Samples did to participate in any of the proceedings before the judgment in the superior court was to acknowledge service of the response which the alleged executor filed in the ordinary's court, asking for probate of the will in solemn form. He was not one of the caveators, nor does it appear that he participated by himself or counsel in the hearing of the caveat either in the ordinary's court or the superior court. Under these circumstances the ruling in *Swift* v. *Thomas,* supra, is applicable here, and upon that authority both the motion to dismiss and the motion to amend the bill of exceptions are denied.

■ The question to be decided is whether or not the judge of the superior court erred in sustaining the appellees' motion and in dismissing the appeal because the sole security upon the appeal bond was also the sole security of the executor's bond previously given in the court of ordinary. The Code, § 6-204, declares: "In all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued, *and give bond and security* to the ordinary *for such further costs as may accrue by reason of such appeal.*" (Italics supplied.) Such bond is required to be filed in the court of ordinary. *Sims* v. *Walton,* 111 *Ga.* 866 (36 S. E. 966); *Bates* v. *Weaver,* 145 *Ga.* 241 (88 S. E. 986). Where, as in the instant case, the appeal is to the superior court from a decision of the court of ordinary sustaining a caveat to a paper offered as a will, the bond required by the statute is applicable to an executor. *Blount* v. *Dean,* 57 *Ga. App.* 332 (195 S. E. 287); *Wever* v. *Wever,* 183 *Ga.* 453 (188 S. E. 706). The approval of such bond by the ordinary does not make it valid where it is otherwise insufficient. *Goodwyn* v. *Veal,* 50 *Ga. App.* 657 (179 S. E. 126); *Chappelle* v. *Tucker,* 110 *Ga.* 467 (35 S. E. 643); *Lowery* v. *Wilcox,* 49 *Ga. App.* 47 (174 S. E. 149). A bond given to enter an appeal of an executor from the court of ordinary to the superior court is not invalid because appellants and their sureties acknowledge themselves bound for "the eventual condemnation-money in said case," instead of "such fur-

ther costs as may accrue by reason of such appeal." *Maloy* v. *Maloy*, 131 *Ga.* 579 (62 S. E. 991). It is true that a liberal construction should be given to appeal bonds; and where the language of an appeal bond is sufficient to afford ample protection to the appellee if he prevails in the suit, the appeal should not be dismissed on the ground that the statute was not complied with in the technical execution of the bond. *Southern Railway Co.* v. *Davis*, 9 *Ga. App.* 591 (71 S. E. 1005); *Hays* v. *Eubanks*, 125 *Ga.* 349, 352 (54 S. E. 174); *Smith* v. *Jackson*, 122 *Ga.* 856 (50 S. E. 930); *Blount* v. *Dean*, 57 *Ga. App.* 332 (195 S. E. 287). But the liberal-construction rule can not serve to dispense with the necessity of security upon an appeal. An essential requirement of the statute (Code, § 6-204) is that the appellants give "bond and *security*." (Italics ours.) An appeal bond without security or without a lawful security is a nullity, and an appeal thereon is subject to dismissal. *Harvely* v. *Daly*, 112 *Ga.* 822 (38 S. E. 41); *Fisher* v. *Pearson*, 1 *Ga. App.* 517 (57 S. E. 1018); *McMurria* v. *Powell*, 120 *Ga.* 766 (48 S. E. 354); *Maddox* v. *Waldrop*, 60 *Ga. App.* 702 (4 S. E. 2d, 684). In *Levin* v. *American Furniture Co.*, 133 *Ga.* 670, 674 (56 S. E. 888), this court through Lumpkin, J., said: "It has been held in several cases that one can not in effect become his own surety, where the law requires him to give a bond; and by an extension of the principle, that, where one has already become a surety on a bond required to be given in the progress of a case, and from a judgment, the result of which is to fix liability upon him along with his principal, an appeal is taken, he can not become surety on the appeal bond. *Gordon* v. *Robertson*, 26 *Ga.* 410; *Eufaula Home Ins. Co.* v. *Plant & Cubbedge*, 36 *Ga.* 623, 624; *Benson* v. *Shines*, 107 *Ga.* 407 (33 S. E. 439); *Napier* v. *Woodall*, 118 *Ga.* 830 (45 S. E. 684)." See *Osborne* v. *Hughes*, 93 *Ga.* 445 (21 S. E. 65); *McEachern* v. *Clark*, 18 *Ga. App.* 668 (90 S. E. 367); *Woodliff* v. *Bloodworth*, 121 *Ga.* 456 (49 S. E. 289). In the court of ordinary the executor was required to give bond upon his qualification after the probate of the will in common form. Code, § 113-1216. The bond required by the statute "shall be payable to the ordinary for the benefit of all concerned," and "shall be conditioned for the faithful discharge of his duty as such administrator, as required by law." § 113-1217. These provisions for a bond, after the giving of a bond is

required by the ordinary, are applicable to executors to the same extent as administrators. § 113-1101. When the executor has probated the will in common form and the heirs at law require a probate in solemn form, the executor is entitled to have the court costs and counsel fees paid out of the estate. This is true even though the caveat is successful and probate in solemn form is refused, unless the probate in common form was originally made in bad faith on the part of the executor in an attempt to defraud the heirs at law. Redfearn on Wills &c. (Rev. ed.) 167, § 113; *Davison* v. *Sibley,* 140 *Ga.* 707 (79 S. E. 855); *Irwin* v. *Peek,* 171 *Ga.* 375 (155 S. E. 515). While it is not shown in the present record whether or not there has been any actual default upon the first bond given, we do not think it is essential for such default to appear before the security would be disqualified from becoming a security upon an appeal from the sustaining of the caveat to the probate of the will in solemn form. The attempted appeal, in effect, is a part of the same proceeding in which the first bond was given when the alleged executor qualified under the probate of the same will in common form. An obligation already existed on the security when the same security endeavored to become bound in the appeal. That the obligation may or may not have been reduced to an exact or definite finding or liability does not seem to be the only reason for the security to be disqualified in another bond in the same proceeding, but the fact that the security is already bound under a bond would, in effect, result in one becoming his own security if he should be allowed to become a security on the appeal bond. Accordingly we hold that the court did not err in dismissing the appeal.

*Judgment affirmed. All the Justices concur.*