## 33818. MARKS *v.* HENRY.

DECIDED JANUARY 23, 1952.

*Brinson & Davis,* for plaintiff in error.

*G. W. Langford, Thomas J. Espy Jr.,* contra.

SUTTON, C. J. Mrs. S. O. Henry, a widow and resident of

Chattooga County, applied to the ordinary of said county for a year's support to be set apart from the estate of her deceased husband, S. O. Henry. Appraisers were appointed, and in their return they set apart to the applicant $11,000 and certain real and personal property from said estate. Mrs. Louise Henry Marks filed a caveat to the return of the appraisers, in her capacity as executrix of the will of S. O. Henry, and also as a beneficiary of the will and as an heir and daughter of the deceased. The grounds of the caveat were, that Mrs. S. O. Henry had accepted benefits provided by the will in lieu of a year's support, and that the amount of the year's support was excessive. The return of the appraisers was approved and made the judgment of the court of ordinary, and admitted to record. The caveatrix then entered an appeal to the superior court, paid the accrued costs, and filed a bond for the payment of further costs accruing by reason of the appeal. Katharine Henry was the security on the appeal bond.

The applicant and appellee, Mrs. S. O. Henry, moved to dismiss the appeal in the superior court, on the ground that the appellant and caveatrix, Mrs. Marks, had failed to give bond and security, as the surety on the appeal bond was also surety on the bond of Mrs. Marks as executrix of the estate of S. O. Henry, and the appeal bond was therefore a nullity. The appellant tendered an amendment to the appeal bond in which Thomas W. Elder was substituted as security instead of Katharine Henry. It was stipulated by counsel that the Katharine Henry whose name appeared on the bond of Louise Henry Marks as executrix of the will of S. O. Henry was the same person as the Katharine Henry whose name appeared as surety on the appeal bond in question. The amendment was disallowed by the court, and the appeal was dismissed. The appellant excepted and brought the case to this court.

The caveat purports to be brought by Mrs. Marks both in her individual capacity and in her capacity as executrix of the will of S. O. Henry. However, the caption of the appeal states the style of the case as that of "Mrs. S. O. Henry, Appellee, vs. Mrs. Louise Henry Marks, as Executrix of the Estate of S. O. Henry, Deceased, Appellant." This indicates that Mrs. Marks was objecting to the return of the appraisers in her capacity as

executrix. While Mrs. Marks is referred to in the body of the appeal and the appeal bond as the "Appellant," such designation appears to refer in turn to the caption, where Mrs. Marks as a party is described as the appellant and also "as executrix."

Furthermore, on a motion to dismiss, which is equivalent to a general demurrer, the pleadings are to be construed against the pleader, who is assumed to have stated his case as favorably to himself as possible. This rule requires the ambiguous description of the caveatrix's capacity to be construed as that of the executrix of the will of S. O. Henry.

The purpose of an appeal bond, on an appeal from the court of ordinary, is to protect the appellee, should he prevail, from the payment of the costs should the appellant fail to pay the same. "If litigation ensues after the judgment of the ordinary approving the return of the appraisers, the costs accruing from that litigation are to be taxed as in ordinary cases between adversary parties. In all civil cases, except as provided in the Code, the costs are assessed against the losing party. Civil Code (1910), § 5980 [Code, 1933, § 24-3401]." *Chambliss* v. *Bolton*, 146 *Ga.* 734, 737 (92 S. E. 204). If Mrs. Marks should lose the appeal, the costs would be taxed against her in her representative capacity as executrix of the will of S. O. Henry, as she was seeking to protect the estate by caveating the return of the appraisers, and also against the surety on her bond. *Dorsey* v. *Georgia Railroad Bank &c. Co.*, 82 *Ga. App.* 237 (60 S. E. 2d, 828); Code, § 113-1508 (3). The same person, Katharine Henry, was surety on the bond of Mrs. Marks as executrix of the will of S. O. Henry, and also surety on the appeal bond of Mrs. Marks as the appellant in this case. In these circumstances, it was not permissible under the law for Katharine Henry to become surety on the appeal bond.

The case of *Samples* v. *Samples*, 194 *Ga.* 383, 388 (21 S. E. 2d, 601), is applicable and controlling in principle in the present case. There the executor, appealing from the sustaining of a caveat to the probate of the will in solemn form, offered the same security on the appeal bond as was on his executor's bond. It was there said: "The attempted appeal, in effect, is a part of the same proceeding in which the first bond was given when the alleged executor qualified under the probate of the same will in

common form. An obligation already existed on the security when the same security endeavored to become bound in the appeal. That the obligation may or may not have been reduced to an exact or definite finding or liability does not seem to be the only reason for the security to be disqualified in another bond in the same proceeding, but the fact that the security is already bound under a bond would, in effect, result in one becoming his own security if he should be allowed to become a security on the appeal bond."

"It has been held in several cases that one cannot in effect become his own surety, where the law requires him to give a bond; and by an extension of the principle, that, where one has already become a surety on a bond required to be given in the progress of a case, and from a judgment, the result of which is to fix liability upon him along with his principal, an appeal is taken, he cannot become surety on the appeal bond." *Levin* v. *American Furniture Co.*, 133 *Ga.* 670, 674 (66 S. E. 888). See also *Benson* v. *Shines*, 107 *Ga.* 406 (33 S. E. 439).

The appeal bond, in effect, was without a security and was a nullity, and the court did not err in disallowing the amendment thereto and in dismissing the appeal.

*Judgment affirmed. Felton and Worrill, JJ., concur.*